Frank P. MORANO, Appellant,

v.

U. S. NAVAL HOSPITAL.

No. 18860.

United States Court of Appeals,
Third Circuit.

Argued Nov. 19, 1970.

Decided Feb. 18, 1971.

———◆———

Nolan N. Atkinson, Zack & Myers, Philadelphia, Pa., for appellant.

Barry W. Kerchner, Asst. U.S. Atty., Philadelphia, Pa. (Louis C. Bechtle, U.S. Atty., Philadelphia, Pa., on the brief), for appellee.

Before HASTIE, Chief Judge, and McLAUGHLIN and ADAMS, Circuit Judges.

## OPINION OF THE COURT

HASTIE, Chief Judge.

This is an action for negligent personal injury brought under the Federal Tort Claims Act, 28 U.S.C. ch. 171. The complaint, alleging that the plaintiff was injured through the negligence of a government doctor on August 8, 1967, was filed on August 7, 1969. The "United States Naval Hospital," admittedly not a suable party,[1] rather than the United States was named as the defendant. Process was served upon the Attorney General and the United States Attorney of the District.

The government filed a motion to dismiss and thereafter, by motion filed February 4, 1970, the plaintiff sought to correct his original error by substituting the United States as the party defendant. But because Rule 15(c) provides that an amendment changing the party defendant shall relate back to the original filing "within the period provided by law for commencing the action,"[2] the court denied the motion to amend and granted the motion to dismiss the complaint, apparently with prejudice.

We do not reach the question of the application and interpretation of Rule 15(c) upon which the district court focused.[3] For resort to that rule was bottomed on an assumption that the statute of limitations expired two years

after August 8, 1967, the date of injury. The provisions of the Tort Claims Act and the present record do not justify that assumption.

In 1966, before the occurrence upon which this action is based, Congress amended the applicable statute of limitations, 28 U.S.C. § 2401(b), to read as follows:

"A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented."

It will be observed that it is the presentation of a claim in writing to the appropriate agency, not the filing of a suit, that must be done within two years.

The committee report accompanying this proposed amendment explained the reason for it. "This section amends the provisions of section 2401, the limitations section, to conform the section to the amendments added by the bill." S. Rep. No. 1327, 89th Cong., 2d Sess., 1966 U.S.Code Cong. & Ad.News 2515, 2522. In particular, it was intended to conform with the amended 28 U.S.C.A. § 2675(a), which states that an action such as that involved in the instant case:

"shall not be instituted * * * unless the claimant shall have first

1. 28 U.S.C. § 2679 precludes such a suit against a Federal agency, as distinguished from the United States.

2. "Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attemped to be set forth in the original pleading, the amendment relates back to the date of the original pleading. An amendment changing the party against whom a claim is asserted relates back if the foregoing provision is satisfied and, within the period provided by law for commencing the action against him, the party to be brought in by amendment (1)

has received such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits, and (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against him."

3. In its order dismissing the complaint, the court expressly relied upon Evans v. United States Veterans Administration Hospital, 2d Cir. 1968, 391 F.2d 261, cert. denied, 393 U.S. 1040, 89 S.Ct. 667, 21 L.Ed.2d 589, a case that turned upon the interpretation of Rule 15(c).

presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail. The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section."

Both of these amendments are applicable to a claim, such as plaintiff's, accruing six months or more after July 18, 1966. Pub.L. 89–506, sec. 10, 80 Stat. 306, 308.

The record as it has reached this court is unclear and shows disputed questions of fact concerning the details of plaintiff's administrative claim, and it will therefore be necessary to remand the case for appropriate factual determinations. Apparently plaintiff first attempted to present his claim on September 10, 1968, but it is denied that this claim was ever received by the proper authorities. In oral argument, Government counsel stated, as had been alleged in the Government's motion to dismiss, that the claim was first filed on March 24, 1969, and that no determination had been made upon that claim as of the time of the institution of this suit.

Should the court on remand find that the claim of September 10, 1968 was properly "presented * * * to the appropriate Federal agency," this action would not be barred by the statute of limitations. For § 2675(a) empowers a claimant to treat the agency's failure to act within six months as "a final denial of the claim." The six months having expired March 10, 1969, nothing in § 2401 barred plaintiff from instituting an action at the time of the attempted amendment and the motion to amend retroactively should be allowed.

If, on the other hand, the court on remand finds that a claim within the terms of § 2675(a) was first made on or about March 24, 1969, the case at bar was commenced prematurely. For

§ 2675(a) gave plaintiff no authority to sue as of August 7, 1969, since neither an administrative denial nor a six-month period had intervened. But then we think it would be appropriate to consider whether the attempted amendment which would for the first time have made the United States a defendant was filed after the claim had been pending undecided before the Federal agency for more than six months. In that event, the amendment should be allowed, without relation back to August 1969, as a timely beginning of a suit against the United States.

Of course, in the unlikely event that, contrary to the contention of either party, no claim satisfying the requirements of § 2401(b) was made within two years after the wrong, the claim is now barred.

The order denying the substitution of the United States as a party defendant and dismissing the action will be vacated and the cause remanded for further proceedings in accordance with this opinion.