**KATHERINE MARTIN, Plaintiff**

v.

**JOHN R. BLOCK, et al., Defendants**

Civil No. 82-54

District Court of the Virgin Islands

Div. of St. Croix

September 29, 1983

ARCHIE JENNINGS, ESQ., Legal Services of the Virgin Islands, Christiansted, St. Croix, V.I., *for plaintiff*

ANDREW J. REICH, ESQ., Assistant U.S. Attorney, Christiansted, St. Croix, V.I., *for defendant*

O'BRIEN, *Judge*

## MEMORANDUM OPINION AND ORDER

Plaintiff filed this action for damages against the Farmers Home Administration of the U.S. Department of Agriculture ("FmHA"), John R. Block, the Secretary of the U.S. Department of Agriculture, and a building contractor for alleged breaches of contract and neg-

ligent inspections and supervision of the construction of her home by FmHA officials. Defendants Block and FmHA ("defendants") have filed a motion for summary judgment on the grounds that 1) the U.S. Court of Claims, and not this Court, has jurisdiction over the contract claims, 2) the plaintiff failed to join an indispensable party, the United States, and 3) the negligence claim should be dismissed because of the plaintiff's failure to file an administrative claim.

For the reasons that follow, the Court finds that it does not have jurisdiction over the contract claims. Further, the Court finds that the plaintiff has not failed to join an indispensable party and that she has complied with the administrative procedures of the Federal Tort Claims Act.

## FACTS

In order for this Court to grant a motion for summary judgment, there must be no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). In this case, there is no material facts in dispute.

Plaintiff entered into a contract with the Farmers Home Administration ("FmHA") on November 21, 1978, whereby she was given a rural housing loan, pursuant to the National Housing Act of 1949, 42 U.S.C. § 1472, for the construction of her home. A contractor, defendant Le Cointe, was selected and the home was completed by November 1, 1979.[1] During the construction of the home, there were approximately eight inspections made by FmHA officials. The last inspection was made on November 1, 1979, where the official evaluated the completed home in satisfactory condition. Within a month thereafter, the plaintiff discovered various defects and orally informed the FmHA office in St. Croix. It is disputed as to when this was actually done, but there is a letter addressed to defendant Le Cointe dated January 9, 1980, which the defendants acknowledge having received a copy.[2] Defendants also acknowledge the St. Croix FmHA office receiving letters from plaintiff's counsel (not present counsel) listing various defects.[3] In August 1980, plaintiff filled out a claim for construction compensation defects pursuant to 42 U.S.C.

---

[1] It is disputed whether Le Cointe was recommended by FmHA officials or independently selected by plaintiff.

[2] Plaintiff indicated that repairs were needed for the locks on the doors, the septic system, and yard work to be completed.

[3] Counsel for plaintiff had written a number of letters to the FmHA officials in St. Croix from March 1980 to July 1980 reporting defects in drainage and plumbing, and a dysfunctioning of the sewage system.

§ 1479(c).[4] Of the defects listed, plaintiff was only compensated for construction of a drainage field.[5]

In February 1981, plaintiff, again through legal representation, in a letter to the County Supervisor of the St. Croix FmHA office, John Preston, requested compensation pursuant to § 1479(c) for the remainder of defects listed in the October 28, 1980, letter to defendant Le Cointe, including cracks in the wall, a nonfunctioning sanitary disposal system, and water seepage. FmHA responded by conducting another inspection. In a letter dated March 5, 1981, plaintiff's request was denied. Plaintiff, through counsel, wrote another letter to the FmHA national office requesting relief dated August 10, 1981. It is unclear as to what FmHA's response was to this letter. The complaint was filed in this Court on March 22, 1982.

## DISCUSSION

### A. *Jurisdiction: Contract and Tort Claims*

■■ The defendants argue that this Court does not have jurisdiction over this matter because it is in excess of the jurisdictional amount of $10,000. Section 1346(a)(2) of Title 28 of the U.S. Code provides that contract claims against the United States are within the exclusive jurisdiction of the U.S. Court of Claims.[6] Plaintiff con-

---

[4] Section 1479 (c) provides:
> The Secretary is authorized, after October 1, 1977, with respect to any unit or dwelling newly constructed during the period beginning eighteen months prior to October 12, 1977, and purchased with financial assistance authorized by this subchapter which he finds to have structural defects to make expenditures for (1) correcting such defects, (2) paying the claims of the owner of the property arising from such defects, or (3) acquiring title to the property, if such assistance is requested by the owner of the property within thirty-six months after financial assistance under this subchapter is rendered to the owner of the property . . . . Decisions by the Secretary regarding such expenditures or payments under this subsection, and the terms and conditions under which the same are approved or disapproved, shall not be subject to judicial review.

> 42 U.S.C. § 1479(c), as amended Dec. 21, 1979.

[5] A copy of the construction compensation defect claim was not provided to the Court. The court can only assume that plaintiff had listed the problems that were discussed in previous letters. See nn. 2, 3 supra. There appears to have been more defects, however. See letter by plaintiff's counsel to defendant Le Cointe dated October 28, 1980, where ten additional defects were listed, including: cracks in the wall, a nonfunctioning sanitary disposal system, water seepage into a bedroom, and the sinking of a floor slab under the bearing wall between the living room and bedroom. This letter was carbon copied to a local FmHA official.

[6] Section 1346 (a) (2) provides:
> The district courts shall have original jurisdiction, concurrent with the Court of Claims, of: . . . Any other civil action or claim against the United States, not exceeding $10,000 in amount, founded either upon the Constitution, or any Act of

cedes that the first two counts of her complaint sound in contract, but the third sounds in tort pursuant to the Federal Tort Claims Act.[7] In her complaint, plaintiff requests $21,000 in damages without distinguishing how much is requested under each count. The Court can only conclude that plaintiff is requesting $21,000 under any of the counts. That includes the possibility of being awarded that amount under the contract claims. If that is the case, clearly the Court lacks jurisdiction over counts 1 and 2 since this request is greater than $10,000. Therefore, this Court must transfer these counts to the Court of Claims if it is in the interest of justice. 28 U.S.C. § 1406(c).[8]

 To determine whether it is in the interest of justice to transfer the contract claims to the Court of Claims, the Court must consider several factors: 1) whether the statute of limitations otherwise would have run; 2) the convenience of the parties and witnesses; and 3) whether efficient and expeditive administration of justice would be furthered. Shera v. Harless, 561 F.2d 791, 794 (9th Cir. 1977). The Court does not have sufficient information on this issue and requests counsel to submit supplemental briefs on this issue.

The Court further finds that because it has exclusive jurisdiction over the tort claim, count 3, the whole case cannot be transferred to the Court of Claims. 28 U.S.C. § 1346(b), Grasso v. United States Postal Service, 438 F.Supp. 1231, 1236, n.5 (D. Conn. 1977). The Court, therefore, shall retain jurisdiction as to count 3.

B. *Count 3: The Federal Tort Claims Act*

1. The United States as an Indispensable Party

Prior to 1983, the general rule of law for suits brought under the Federal Tort Claims Act ("FTCA") was that a federal agency could not be sued under its own name. In essence, the United States was

---

Congress, or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort . . . 28 U.S.C. § 1346 (a) (2).

[7] The fourth and last count is against defendant Le Cointe who is not a party to this motion.

[8] Section 1406(c) provides:
If a case within the exclusive jurisdiction of the Court of Claims is filed in a district court, the district court shall, if it be in the interest of justice, transfer such case to the Court of Claims, where the case shall proceed as if it had been filed in the Court of Claims on the date it was filed in the district court. 28 U.S.C. § 1406(c).

an indispensable party that must be named in a lawsuit brought under the FTCA. Morano v. U.S. Naval Hospital, 437 F.2d 1009 (3d Cir. 1971); Boyd v. United States, 482 F.Supp. 1126, 1128 (W.D. Pa. 1980); Lomas v. United States, 155 F.Supp. 354, 356 (E.D. Pa. 1957). There is a 1981 Ninth Circuit case which held specifically that the Farmers Home Administration could not be sued in its own name, Owyhee Grazing Association, Inc. v. Field, 637 F.2d 694, 697 (9th Cir. 1981). But in Neal v. Bergland, 646 F.2d 1178 (6th Cir. 1981), aff'd sub nom, Block v. Neal, 460 U.S. 289, 103 S.Ct. 1089 (1983), the United States was not sued as a party but the Secretary of Agriculture along with other officers of FmHA were specific named defendants.

■ This case is almost identical to the Bergland case which was decided in the merits against the defendants and the Court is compelled to permit this case to go to the merits as well. Moreover, while the defendants here raised this issue in their first brief, they also later conceded this issue. In this matter, it is unnecessary to specifically name the United States as a party. See Block, supra; Bergland, supra. See also 7 C.F.R. § 1814.2 (Dept. of Agriculture may receive and settle claims against U.S. under FTCA).

2. Administrative Procedures

■ Before a suit can be brought under the Federal Tort Claims Act ("FTCA"), the claimant must first present the claim to the appropriate federal agency which is then denied by the agency. 28 U.S.C. § 2675(a).[9] The defendants argue that the correspondence from plaintiff or her legal representatives was not pursuant to the FTCA but the statute regarding a construction compensation defect claim. See 42 U.S.C. § 1479(c). That statute provides that a decision by the Secretary of Agriculture is not subject to judicial review. Plaintiff, they argue, is using a backdoor approach in attempting to appeal the denial of payment for the construction compensation

---

[9] Section 2675(a) provides:
 An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail. The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section. The provisions of this subsection shall not apply to such claims as may be asserted under the Federal Rules of Civil Procedure by third party complaint, cross-claim, or counterclaim. 28 U.S.C. § 2675(a).

305

defect claim. Plaintiff counters by arguing that she has actually filed two separate claims: one under § 1479(c) for the construction defects and the other under the FTCA based on the negligence of the FmHA employees. This action, she claims, involves only the FmHA employee negligence claims.

■ Claims filed under § 1479(c) are different from claims filed pursuant to the FTCA, although they may both involve the same set of circumstances. On the one hand, claims under § 1479(c) are aimed primarily at construction defects caused by substantial noncompliance with approved drawings and specifications or noncompliance with minimum standards set by the FmHA. A complaint is justified also when the construction is defective in workmanship, material, or equipment. See 7 C.F.R. Parts 1924. 251 et seq. (1983). On the other hand, claims pursuant to the FTCA are for negligent acts on the part of federal government employees. In this case, plaintiff is arguing that the inspections by defendant FmHA officials were negligent and resulted in the constructional defects which she had earlier claimed. Relief under either or both statutes is not duplicative and there is case law where both remedies have been pursued. See Neal v. Bergland, supra, 646 F.2d at 1179–80. Cf. Block v. Neal, supra, 103 S.Ct. at 1092–93, n.4. (High court declined to determine if the Housing Act provided an alternative basis for recovery.)

The defendants argue that even if the plaintiff is suing only under the FTCA claim, she has failed to follow the administrative procedures under the Act. They argue that the letters sent by plaintiff or her legal representatives do not constitute compliance with 7 C.F.R. § 1814.6(c) which requires that a claimant submit a Standard Form 95.

■ Section 1814.6 of Title 7 of the Code of Federal Regulations provides that a claimant "will submit" Standard Form 95 "Claim for Damage or Injury" along with the following information:

Claimants will submit Standard Form 95, "Claim for Damage or Injury," supported by evidence and information as specified herein. . . .
(c) *Claims for property damage.*
1) Proof of Ownership.
2) A detailed statement of the amount claimed with respect to each item of property.
3) An itemized receipt of payment for necessary repairs or at least two written estimates of the cost of such repairs.

306

4) A statement listing date of purchase, purchase price, and salvage value, where repair is not economical.

5) Any other evidence or information which may have a bearing on either the responsibility of the United States for the injury to or loss of property or the damages claimed.

7 C.F.R. § 1814.6(c) (1983). The regulation does not provide that a claim will be denied if Standard Form 95 is not submitted. Further, § 1814.7(d) provides that "[a]ny claims received by an FmHA office, whether in the form of a letter or in standard Form 95, will be transmitted promptly through appropriate administrative channels . . . "which clearly indicates that a claim may be in letter form as well. Cf Boyd v. United States supra, 482 F.Supp. at 1128–29 (letter considered a claim although 28 C.F.R. § 14.2(a) required an executed Standard Form 95 or other written notification of the incident).

▮ Plaintiff, either through herself or her counsel, has notified the FmHA of her problems as early as December 1980. The early correspondence by counsel, however, pertained to the construction compensation defects claim. The only letter which may be considered in compliance with § 1814.6(c) is the letter dated August 10, 1981, from plaintiff's counsel to the Director of the Business Services Division of the National Office of FmHA. Counsel enclosed copies of all letters concerning the problems with plaintiff's home that had been previously sent to the St. Croix FmHA office. A copy of plaintiff's deed was enclosed to prove ownership, and also a copy of an engineer's report detailing the alleged defects and the cost to correct them. All of this information is required under § 1814.6(c). The Court finds that this letter to the Director of the Business Services Division apparently mailed to the Director pursuant to 7 C.F.R. § 1814.7(d), is an administrative claim under the FTCA. Further, the Court finds that this claim was filed with FmHA well within the two-year statute of limitations. See 28 U.S.C. § 2401(b); 7 C.F.R. § 1814.5(b).

## CONCLUSION

The Court finds that it does not have jurisdiction over counts 1 and 2 and requests counsel to provide supplemental briefs on transfer within 30 days from the date of this order or otherwise risk dismissal of these counts. Count 3 regarding the tort action is within the exclusive jurisdiction of this Court and this count will go forward.

## ORDER

THIS MATTER is before the Court on a motion for summary judgment by defendants John R. Block and the Farmers Home Administration. The premises considered, it is hereby

ORDERED:

THAT the motion is PARTIALLY GRANTED as to counts 1 and 2, conditioned upon the supplemental briefs to be filed by counsel within 30 days from the date of this order on the issue whether these counts should be dismissed or transferred to the U.S. Court of Claims; and

THAT the motion is DENIED with respect to count 3.