MARCELINO RIVERA NAVARRO and PETRA RIVERA,
Plaintiffs

v.

UNITED STATES OF AMERICA: FARMERS HOME AD-
MINISTRATION; ROBERT BERGLAND, Individually and in
his capacity as Secretary of the Department of Agriculture;
Administrators of the Farmers Home Administration: GOR-
DON CAVANAUGH, Individually and in his capacity as
Administrator of the Farmers Home Administration, United
States Department of Agriculture; KAREN NOBLE HAN-
SON, Individually and in her capacity as State Director,
Farmers Home Administration; WILLARD STEVENSON,
Individually and in his capacity as District Director, Farmers
Home Administration; JOHN PRESTON, Individually and in
his capacity as County Supervisor for the Farmers Home Admin-
istration, St. Croix, U.S. Virgin Islands; VIVIAN BRUCKEL,
Individually and in her capacity as former County Supervisor
of the Farmers Home Administration, St. Croix, U.S. Virgin
Islands; EDITH SCHILDWACHTER, Individually and in her
capacity as former County Supervisor for the Farmers Home
Administration, St. Croix, U.S. Virgin Islands; MARY ROE-
BUCK, Individually and in her capacity as an employee of
Farmers Home Administration, St. Croix, U.S. Virgin Islands;
LAURITZ ROEBUCK, Individually and in his capacity as an
employee of Farmers Home Administration, St. Croix, U.S.
Virgin Islands; and DESMOND KIRBY, a/k/a MAYNARD
KIRBY, a/k/a CARIBBEAN CONSTRUCTION COMPANY:
and CARIBBEAN CONSTRUCTION COMPANY, a business
entity in the Virgin Islands, Defendants

Civil No. 27/1980

District Court of the Virgin Islands

Div. of St. Croix

May 18, 1984

Archie Jennings, Esq., Legal Services of the Virgin Islands, Christiansted, St. Croix, V.I., *for plaintiffs*

Andrew Reich, Esq., U.S. Attorney's Office, Christiansted, St. Croix, V.I., *for defendants United States of America: Farmers Home Administration, Robert Bergland, Gordon Cavanaugh, Willard Stevenson, Karen Noble Hanson, John Preston, Vivian Bruckel, Edith Schildwachter, Mary Roebuck, Lauritz Roebuck*

Edward J. Ocean, Esq., Christiansted, St. Croix, V.I., *for defendants Desmond Kirby and Caribbean Construction Co.*

O'BRIEN, *Judge*

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on motion of defendant United States of America ("Defendant") to dismiss pursuant to Fed. R. Civ. P. 12(b), or, in the alternative for summary judgment pursuant to Fed. R. Civ. P. 56. Defendant seeks to avoid plaintiffs' claims in contract and in tort on a myriad of grounds the most pertinent being: 1) lack of subject matter jurisdiction over the contractual claims, 2) lack of any duty owed to plaintiffs actionable in tort, and 3) lack of

subject matter jurisdiction over the tort claims due to failure of plaintiffs to file the requisite administrative claim. For the reasons which follow this Court will grant the motion to dismiss the tort claims but will, for 30 days, hold in abeyance, the dismissal of the claims in contract.

## FACTS

This action was brought by plaintiffs Marcelino Rivera Navarro and Pietra Rivera ("Riveras" or "plaintiffs") against Desmond Kirby ("Kirby"), the United States of America, the Farmers Home Administration ("FmHA"), Secretary of Agriculture Robert Bergland, and a number of local officials of the FmHA (all defendants excluding Kirby hereafter "governmental defendants").[1] The Riveras proceed for damages alleging breach of express contracts, detrimental reliance, and negligence on the part of governmental defendants in their failure to comply with various federal regulations.

For the purposes of these motions we will accept as true the facts as alleged in the complaint. The Riveras, low income rural residents, qualified for a loan of $18,000 from the FmHA under § 502 of the Housing Act of 1949, 42 U.S.C. § 1471 et seq. They sought and obtained the loan in order to finance the construction of a four bedroom dwelling in Estate Profit, St. Croix, U.S. Virgin Islands.

On December 13, 1973, plaintiffs entered into a loan agreement with the FmHA whereby plaintiffs executed a promissory note and real estate deed of trust to the FmHA in exchange for the $18,000 loan. The deed of trust and note incorporated all existing and future regulations of the FmHA. On February 22, 1974, the Rivera's and defendant Kirby, a building contractor, executed a FmHA form construction contract whereby Kirby was to provide all the materials and labor for the construction of the Rivera's house.

Kirby began construction on the dwelling in the spring of 1974. While construction was underway, plaintiffs were informed that, due to increased building costs, Kirby would require an additional $2,000 to complete the work. The Riveras again went through the § 502 loan procedure and executed an additional note and deed of trust in exchange for the needed funds. This agreement was also made subject to FmHA regulations. In midsummer the house was finished. On July 9, 1974, Kirby, as required by FmHA , executed a builder's warranty to plaintiffs to the effect that the construction

---

[1] Kirby has not joined in the motions at bar and is, thus, unaffected by the determinations here.

had been substantially completed in conformance with the FmHA guidelines.

Shortly thereafter, the Riveras moved into their home and began to notice numerous defects in the structure, including cracked walls, faulty wiring, a leaking cistern, and a cracked roof. Plaintiffs notified Kirby of the problems. When Kirby failed to take any corrective action, plaintiffs, on August 29, 1974, contacted the FmHA. After unsuccessfully attempting to get Kirby to remedy the structural defects, the FmHA informed the Riveras that another contractor would repair their home. This too, failed to occur. Despite the fact that the Riveras made numerous complaints to both the FmHA and Kirby up through 1978, no repairs were ever undertaken by either party.

Plaintiffs eventually moved out of the house in February, 1975, claiming that the structural defects made the dwelling uninhabitable. After they made several unsuccessful attempts to have the house repaired with their own funds, plaintiffs were finally informed by the FmHA, in April, 1979 that indeed their home was uninhabitable. The FmHA then offered to finance the necessary repairs through another low interest loan. On November 28, 1979, the Riveras submitted to the FmHA a claim for damage pursuant to 7 C.F.R. § 1804 et seq. (1972).[2]

Plaintiffs filed this action on February 5, 1980. Plaintiffs allege that they are poor people who do not understand the English language. They allege further that they have no business or construction experience and were therefore forced to rely solely on the expertise, skill and judgment of the FmHA and Kirby in the construction of their new home. Finally, they allege that as soon as the structural defects became apparent, plaintiffs made repeated complaints to both Kirby and the FmHA concerning the problems, but were unable to secure remedial action on either defendants' part.

Plaintiffs sue the FmHA and other governmental defendants for allegedly failing to perform, or negligently performing, duties of inspection and supervision of the construction of plaintiffs' home. The plaintiffs assert these duties are owed them by the governmental defendants due to regulations promulgated under the Housing Act. Plaintiffs also seek to enjoin the governmental defendants to require them to enforce rights under these regulations to repair plaintiffs' home and to implement the use of Spanish complaint

---

[2] Citations to the Code of Federal Regulations will, unless otherwise indicated, be made to the regulations in effect at time of these occurrences.

forms. Plaintiffs also seek declaratory relief to the effect that the FmHA's failure to perform its duties under the regulations was such a breach as to obviate plaintiffs obligation to make payments under the mortgage. Finally, plaintiffs seek to recover a sum of $35,014 from the governmental defendants in the form of compensatory damages.

## DISCUSSION

### 1. *Contractual Claims*

The governmental defendants seek dismissal of this matter on a variety of grounds, all which basically go to the lack of subject matter jurisdiction in this Court to adjudicate the matter. Initially we address the Riveras' claims which sound in contract.

Plaintiffs assert that the series of agreements entered into with the governmental defendants incorporated all the FmHA regulations as covenants and conditions and the failure of the governmental defendants to inspect the construction site and reject faulty materials and workmanship was a breach of their contractual obligations.

■■ The Riveras bring their claims in contract against the governmental defendants under the Tucker Act, 28 U.S.C. § 1346 et seq. (1977) which is a limited waiver of sovereign immunity allowing the United States government to be sued on a claim arising in contract. Tempel v. United States, 248 U.S. 121 (1918); see United States v. Lockheed, 656 F.2d 390 (9th Cir. 1979). As sovereign, the United States and its agencies are ordinarily immune from suit. United States v. Orleans, 425 U.S. 807 (1976); Honda v. Clark, 386 U.S. 484 (1967). The exception to that rule is that the federal government may be sued when sovereign immunity is waived, with the terms of that waiver, as expressly set forth by Congress, defining the parameters of a federal court's jurisdiction to entertain such suits. Id. These conditions imposed by the United States in its waiver of sovereign immunity are to be strictly construed. Dalehite v. United States, 346 U.S. 15 (1952); United States v. Sherwood, 312 U.S. 584 (1941).

■■ The waiver provision pertinent here states:

[The District Court has] original jurisdiction . . . of . . . (2) Any other civil action . . . against the United States, not exceeding $10,000 in amount, founded . . . upon any express or implied contract with the United States. . . .

571

28 U.S.C. § 1346(a)(2). Contractual actions requesting damages in excess of the upper $10,000 limit are to be brought exclusively in the Court of Claims. United States v. 6.321 Acres of Land, 479 F.2d 404 (1st Cir. 1973); United States v. Tacoma Oriental S.S. Co., 86 F.2d 363 (9th Cir. 1936); Martin v. Block, 571 F.Supp. 1180 (D.V.I. 1983); see 28 U.S.C. § 1491 (1980). These jurisdictional amounts are like the statute of limitations and it is not for the Courts to extend the conditions for suit that Congress has imposed. See United States v. Kubrick, 444 U.S. 111 (1979); Soriano v. United States, 352 U.S. 270 (1956).

■ Assuming without deciding that the Riveras have made out a valid claim in contract against the governmental defendants, plaintiffs have pled themselves out of this Court's jurisdiction. The Riveras seek damages against the government in excess of $35,000. As the requests for damages are not targeted as to what amount of damages is being sought for which particular count, we can only surmise that plaintiffs seek such recompense under any of the counts on which they may prevail. In that the Riveras could conceivably receive such damages under a claim in contract, the $35,000 requested floats several counts in this matter above this Court's specific jurisdictional limit. Counts II, IV and V clearly sound in contract, as does a portion of Count I. This Court concludes that it is without jurisdiction over these claims. As the record before us does not now contain information sufficient to enable this Court to make a determination as to whether the interests of justice would be served by dismissal of these counts versus a transfer to the Court of Claims,[3] we request supplemental briefing on this limited issue.

2. *Tort Actions*

The Riveras bring other counts which lie against the United States in tort alleging that the governmental defendants were negligent in informing plaintiffs of their administrative remedies, in inspecting the house, and in enforcing their own regulations. Again, assuming without deciding that plaintiffs make out a valid claim, we again find ourselves without jurisdiction.

---

[3] 28 U.S.C. § 1406(c) states:

> If a case within the exclusive jurisdiction of the Court of Claims is filed in a district court, the district court shall, if it be in the interest of justice, transfer such case to the Court of Claims, where the case shall proceed as if it had been filed in the Court of Claims on the date it was filed in the district court.

■■ The Riveras bring their tort actions against the United States under the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 2674 and 1346(b).[4] Like the Tucker Act, the FTCA operates as a limited waiver of sovereign immunity, Kubrick, supra, and allows suit only on the prescribed terms and conditions of the waiver. Honda, supra; see Kubrick, supra. See also Rosario v. American Export-Isbrandtsen Lines, Inc., 531 F.2d 1227 (3d Cir. 1976). The FTCA allows actions against the government for torts committed by its employees while in the scope of their employment, however, the FTCA specifically requires that certain preconditions to suit be satisfied. Section 2675(a) provides that:

> (a) An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property . . . caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail.

Although § 2675(a) does not expressly require that such administrative claims be written, the statute of limitations section applicable to the FTCA provides that a tort claim against the United States is barred "unless it is presented in writing to the appropriate Federal agency" within 2 years after accrual. 28 U.S.C. § 2401(b).[5] Sections 2675(a) and 2401(b) are to be read in conjunction with one another.

---

[4] 28 U.S.C. § 2674 provides in pertinent part:
> The United States shall be liable, respecting the provisions of this title relating to tort claims, in the same manner and to the same extent as a private individual under like circumstances, but shall not be liable for interest prior to judgment or for punitive damages.

28 U.S.C. § 1346(b) provides:
> [T]he district courts, together with the United States District Court for the District of the Canal Zone and the District Court of the Virgin Islands, shall have exclusive jurisdiction of civil actions on claims against the United States, for money damages, accruing on and after January 1, 1945, for injury or loss of property, or personal injury or death caused by the negligent cr wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

[5] 28 U.S.C. § 2401(b) allows that:
> [A] tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after

See Tucker v. United States Postal Service, 676 F.2d 954 (3d Cir. 1982); Morano v. United States Naval Hospital, 437 F.2d 1009 (3d Cir. 1971).

Plaintiffs do not assert that any written claim was presented to the FmHA within 2 years of their becoming aware of the deficiencies in their home's construction. They assert however that the repeated oral complaints to the FmHA beginning as early as 1974 were sufficient to satisfy the requirement that plaintiffs file an administrative claim prior to filing an FTCA action. Plaintiffs cite in support of this proposition 7 C.F.R. § 1804.53 which governed the FmHA's handling of housing complaints at the time of these occurrences and allows that "an oral complaint may be accepted if making a written complaint will impose a hardship." 7 C.F.R. § 1804.53(a) (1972). Since neither plaintiff can read or understand English, they contend that this is just the situation where requiring submission of a written complaint would impose a hardship.

■■ Plaintiffs, however, blur the distinction between a complaint filed under 7 C.F.R. 1804.51[6] issued pursuant to 42 U.S.C. § 1480(g),[7] and a claim under 7 C.F.R. § 1814.5 issued pursuant to 5 U.S.C. § 301 and 28 C.F.R. 14.11 (1966). The FTCA clearly spells out four specific requirements pertaining to the necessary pre-suit submission of administrative claims. The claim must be: 1) in writing, 2) to the appropriate agency, 3) in a sum certain, and 4) made within two years of accrual. 28 U.S.C. § 2401(b); 28 C.F.R. § 14.2(1966); see Tucker, supra; Bialowas v. United States, 443 F.2d 1047 (3d Cir. 1971). The FTCA sets up a notice procedure whereby the head of each federal agency, or his designee, in accordance with regulations prescribed by the Attorney General, will be made aware of, review and possibly settle claims against the United States brought under the FTCA. See 28 U.S.C. § 2672; see also Tucker, supra.

> The purpose of this [procedure is] . . . to protect the [government] from the expense of needless litigation, give it an oppor-

---

such claim accrues or unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented.

[6] Now 7 C.F.R. 1924.251 (1983).

[7] 42 U.S.C. § 1480(g) provides:

In carrying out the provisions of [The Housing Act], the Secretary shall have the power to—(g) make such rules and regulations as he deems necessary to carry out the purposes of this title.

tunity for investigation, and allow it to adjust differences and settle claims without suit.

S. Rep. No. 1327, 89th Cong., 2d Sess. 6, *reprinted in* 1966 U.S. Code Cong. and Admin. News at p. 2517; see Tucker, supra. Pursuant to § 2672, the Attorney General has issued regulations which allow that each agency is authorized to issue its own regulations and "establish procedures consistent with the regulations" of the Attorney General for reviewing these claims. 28 C.F.R. 14.11 (1966).

It is these "consistent" regulations issued by the FmHA under the title "Claims Under the Federal Tort Claims Act" and found at 7 C.F.R. § 1814.1 et seq. (1972) which are to govern FTCA filings to the FmHA. The regulations cited by plaintiffs and found at 7 C.F.R. § 1804.53 under the caption "Handling Construction Complaints" are those issued pursuant to the power of the Secretary of Agriculture to issue whatever rules and regulations are necessary to advance the purposes of the Fair Housing Act. See 42 U.S.C. § 1480(g) (note 7, supra). These latter regulations make no reference to the FTCA at all, but, by their own terms simply define the County Supervisor's role in and provide an informal procedural framework for resolving disputes between the homeowner and the builder. See 7 C.F.R. § 1804.53 (1972).

■■■ As plaintiffs failed to properly present a written notification to the FmHA stating a claim for money damages in sum certain within two years of the claim's accrual, they are barred from bringing an action under the FTCA. 28 U.S.C. §§ 2401(b), 2672 and 2675; 28 C.F.R. § 14.2; see Tucker, supra; Bialowas, supra. These requirements are jurisdictional and cannot be waived. Bialowas, supra; see Commonwealth of Pa. v. Nat'l Ass'n of Flood Insurers, 520 F.2d 11 (3d Cir. 1975). Consequently, this Court has no subject matter jurisdiction of the Riveras' tort claims and they must be dismissed.

## CONCLUSION

Such is not totally dispositive of the Riveras' claims against the governmental defendants. Plaintiffs also seek declaratory relief under 28 U.S.C. §§ 2201 and 2202 regarding the existing rights and duties of parties vis-a-vis the mortgage payments and the alleged breach of contract on the FmHA's part. It is the view of this Court that to take evidence and grant the relief requested here, that the FmHA be declared in breach and that plaintiffs obligation to make mortgage payments be terminated—would be tantamount to hear-

ing the previously discussed contract claims in this Court. As we have also previously discussed we do not have jurisdiction over these claims.

Finally, plaintiffs seek preliminary and permanent injunctions enjoining the governmental defendants 1) from failing to require Kirby to repair plaintiffs' house and 2) to implement the immediate use of Spanish forms and documents. In that the record does not presently contain sufficient information for the Court to make a determination on the merits regarding these issues, the matters will be held in abeyance pending a future hearing.