**CARIB GAS CORPORATION OF ST. THOMAS, Plaintiff,**

v.

**DELAWARE VALLEY INDUSTRIAL GASES, INC., Hess Oil Virgin Islands Corporation, Antilles Gas Corporation, United States of America, United States Department of Transportation, Defendants.**

Civ. No. 1986/292.

District Court, Virgin Islands,
D. St. Croix.

May 20, 1987.

Joel Holt, Holt & Cabret, Christiansted, St. Croix, U.S. V.I., for plaintiff.

Jim U. Oliver, Asst. U.S. Atty., Christiansted, St. Croix, U.S. V.I., Phyllis J. Pyles, Colette J. Winston, U.S. Dept. of Justice, Washington, D.C., for defendants U.S. and U.S. Dept. of Transp.

## MEMORANDUM OPINION

DAVID V. O'BRIEN, District Judge.

The question before us is whether the United States may be held liable under the Federal Tort Claims Act for the purported negligence of the Department of Transportation in failing to prevent the importation of defective gas cylinders into the Virgin Islands. We hold that the discretionary function exclusion immunizes the Government from such a claim. Accordingly, it will be dismissed from this action.

## I. FACTS

Plaintiff Carib Gas Corporation of St. Thomas has sued these defendants for contribution towards a settlement it executed in favor of the victims of a March, 1982 propane explosion. Carib contends that the gas was ignited by the rupturing of its cylinder which, in turn, was caused by the use of substandard material in the cylinder's bottom. Carib seeks to hold the United States partly responsible because the cylinder bore a counterfeit seal indicating that it had been inspected and found to be in compliance with applicable federal safety regulations. Count VI of the complaint states in part:

46. Plaintiff alleges on information and belief that at all times pertinent herein the Defendant D.O.T. was aware that LP Gas cylinders and cylinder parts were being illegally imported into Puerto Rico from, among other countries, Vene-

zuela. These cylinder parts were not approved by the Defendant D.O.T.

.    .    .    .    .

48. The plaintiff alleges on information and belief that at all times pertinent herein Defendant D.O.T. was aware that facilities such as that operated by Caribbean Cylinder were re-manufacturing and testing LP Gas cylinders without being certified by the Defendant D.O.T. The operation of such facilities is contrary to the laws of the United States and the rules and regulations of the Defendant D.O.T., which laws, rules and regulations the D.O.T. is charged to enforce. Said facilities placed on the cylinders markings which indicated that the work performed on the cylinders was being done by a D.O.T. certified facility, which was untrue.

.    .    .    .    .

51. Defendant D.O.T. negligently enforced or failed to enforce those laws, rules and regulations which it was charged to enforce, and allowed by its negligence or inactions cylinders to be transported and used which did not meet its requirements but which also set forth, by markings to be used only by D.O.T. approved re-manufacturers and testing facilities, that these cylinders were approved by the Defendant D.O.T.

The United States moves to dismiss this matter for lack of subject matter jurisdiction pursuant to Fed.R.Civ.P. 12(b)(1) on the grounds that it is immunized from suit by the discretionary function exception to the Federal Tort Claims Act.[1]

## II. DISCUSSION

Preliminarily, the parties agree that the D.O.T., having been named as a defendant together with the United States, must be dismissed from the action because the Federal Tort Claims Act precludes suits against agencies. 28 U.S.C. § 2679(a) (1986 Supp.).[2] The only proper defendant

---

1. In support of dismissal, the Government also contends that Carib has failed to state a cognizable claim. Fed.R.Civ.P. 12(b)(6). Because we base the disposition of this matter upon the discretionary function exception, we do not reach this issue.

2. Section 2679(a) provides:
   Exclusiveness of remedy
   (a) The authority of any federal agency to sue and be sued in its own name shall not be construed to authorize suits against such federal agency on claims which are cognizable under

is the United States. *E.g., Morano v. United States Naval Hospital,* 437 F.2d 1009, 1010 (3d Cir.1971); *Martin v. Block,* 571 F.Supp. 1180, 1183 (D.V.I.1983). This action shall proceed accordingly.

The FTCA, 28 U.S.C. § 1346(b), authorizes suits against the United States

> ... for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

This waiver of sovereign immunity is not absolute. Among other exceptions, Congress retained immunity from damages resulting from discretionary acts of federal employees. 28 U.S.C. § 2680(a). The statute provides:

### Exceptions

> The provisions of this chapter and section 1346(b) of this title shall not apply to—
>
> (a) Any claim based upon an act or omission of an employee of the Government, exercising due care, in the execution of a statute or regulation, whether or not such statute or regulation be valid, or based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused.

There are two guidelines for determining whether an allegedly tortious act constitutes a discretionary function. First, the nature of the conduct, rather than the status of the actor, "must be of the nature and quality that Congress intended to shield from tort liability." *United States v. Varig,* 467 U.S. 797, 813, 104 S.Ct. 2755, 2764, 81 L.Ed.2d 660 (1984). Crucial to this

determination is Congress' intention that § 2680(a) would embrace agency decisions arising from regulatory activities. *Merklin v. United States,* 788 F.2d 172, 174 (3d Cir.1986) *citing Varig,* 467 U.S. at 810, 104 S.Ct. at 2762.

Second, the exception also encompasses "the discretionary acts of the Government acting in its role as a regulator of the conduct of private individuals," evidencing Congress' intent "to prevent judicial 'second guessing' of legislative and administrative decisions grounded in social, economic, and political policy through the medium of an action in tort." *Varig, supra* at 813–14, 104 S.Ct. at 2764.

Carib contends that a non-licensee placed a bogus D.O.T. seal on a cylinder and shipped it to the Virgin Islands as part of an ongoing scheme. It is theorized that the Government's failure to prevent the smuggling of defective and falsely marked cylinders constitutes an actionable tort. Shoring up this argument is the additional allegation that the Government knew such activity was prevalent in the Caribbean territories. (Complaint, para. 46–48). The *Varig* analysis undermines this theory.

The Hazardous Materials Transportation Act, 49 U.S.C. § 1801 *et seq.,* charges the D.O.T. with promulgating and enforcing guidelines for the storage of combustible gas in cylinders. The regulatory scheme sets out technical requirements for industry participants, *see generally* 49 C.F.R. Parts 171–79, and those governing cylinders are mandatory. 49 C.F.R. 178.0–2. *See* 49 C.F.R. 173.34. Compliance is monitored by independent inspection agencies licensed by the D.O.T. 49 C.F.R. § 173.-300a.

By contrast, enforcement is not delegated to the private sector. *See generally* 49 C.F.R. § 107.299–339. The D.O.T. may investigate and prosecute violations "if time, the nature of the violation, and the public interest permit." 49 C.F.R. § 107.307(a).[3]

---

section 1346(b) of this title, and the remedies provided by this title in such cases shall be exclusive.

**3.** Section 107.307(a) provides:

(a) When the Office of Chief Counsel has reason to believe that a person is knowingly engaged in conduct which is a violation of the Act or any provision of this subchapter or Subchap-

As a threshold matter, it cannot be seriously disputed that the decision to install this two-tiered scheme is discretionary activity immunized by § 2680(a). "When an agency determines the extent to which it will supervise the safety procedures of private individuals, it is exercising discretionary regulatory authority of the most basic kind." *Varig, supra* at 819–20, 104 S.Ct. at 2767. Thus, the United States is not liable for the transgressions committed during the compliance and inspection process.

▪ The decision to investigate and prosecute is also discretionary. Section 107.-307(a) mandates consideration of policy factors, such as fiscal management and deployment of manpower, that are within the exclusive province of the Government. Assuming the truth of Carib's complaint, as we are bound to in a Rule 12 motion, we still may not "second guess" the D.O.T.'s decision to forego investigation of Puerto Rico's illicit cylinder industry. We hold, therefore, that § 2680(a) bars the maintenance of this suit against the United States.

*Varig* and its progeny support this result. The *Varig* plaintiff alleged that the Federal Aviation Administration negligently failed to detect a defect in an aircraft that crashed. FAA regulations required the manufacturer to certify its compliance with industry standards, subject to the spot-checks of federal technicians. The Supreme Court held that § 2680(a) immunized both the certification process and the spot inspections. The Court stated:

> The FAA's implementation of a mechanism for compliance review is plainly discretionary activity of the "nature and quality" protected by § 2680(a). When an agency determines the extent to which it will supervise the safety procedures of private individuals, it is exercising discretionary regulatory authority of

the most basic kind. Decisions as to the manner of enforcing regulations directly affect the feasibility and practicality of the Government's regulatory program; such decisions require the agency to establish priorities for the accomplishment of its policy objectives by balancing the objectives sought to be obtained against such practical considerations as staffing and funding. Here, the FAA has determined that a program of "spot-checking" manufacturers' compliance with minimum safety standards best accommodates the goal of air transportation safety and the reality of finite agency resources. Judicial intervention in such decisionmaking through private tort suits would require the courts to "second-guess" the political, social, and economic judgments of an agency exercising its regulatory function. It was precisely this sort of judicial intervention in policymaking that the discretionary function exception was designed to prevent.

476 U.S. at 819–20, 104 S.Ct. at 2767.

As in the FAA's aircraft certification scheme, the D.O.T. has elected to place primary responsibility for safety compliance on private licensees while retaining broad discretion to investigate and prosecute violators. The D.O.T. is not obligated to pursue every infraction—the realities of funding and staffing obviously limit its ability. *See Varig, supra* at 820, 104 S.Ct. at 2767. Nor is the D.O.T. an insurer of the safety of gas cylinders. Clearly distinguishable are regulatory schemes in which responsibility for quality control and safety is retained by the agency and government employees directly enforce mandatory guidelines. Decisions at the inspection level do not rest on political policy and, therefore, are not immunized by § 2680(a). *See e.g., Collins v. United States*, 783 F.2d 1225, 1230–31 (5th Cir.1986); *McMichael v. United States*, 751 F.2d 303 (8th Cir.1985).[4]

---

ter C of this chapter, or any exemption, or order issued thereunder, for which the Office of Chief Counsel exercises enforcement responsibility, and if time, the nature of the violation, and the public interest permit, the Office of Chief Counsel may conduct proceedings to assess a civil penalty or to issue an order directing compli-

ance, or both, or seek any other remedy available under the Act.

**4.** Carib maintains that § 2680(a) is inapplicable because the D.O.T. failed to compel complete adherence to the mandatory safety regulations in Puerto Rico. The folly of this argument is

The Third Circuit has interpreted *Varig* broadly. Section 2680(a) immunizes: negligent safety inspections conducted under the Atomic Energy Act, *Merklin v. United States,* 788 F.2d 172, 174–75 (3d Cir.1986); the Veterans Administration's filing of meritless criminal charges, *Pooler v. United States,* 787 F.2d 868, 870–71 (3d Cir.) *cert. denied,* —— U.S. ——, 107 S.Ct. 175, 93 L.Ed.2d 111 (1986); negligent construction inspections by the Environmental Protection Agency, *Pennback v. United States,* 779 F.2d 175 (3d Cir.1985), and negligent safety inspections by the Nuclear Regulatory Commission, *General Public Utilities Corp. v. United States,* 745 F.2d 239 (3d Cir.1984) *cert. denied,* 469 U.S. 1228, 105 S.Ct. 1227, 84 L.Ed.2d 365 (1985).

We hold, therefore, that § 2680(a) immunizes the United States from the assertions alleged herein.

### III.  CONCLUSION

In accordance with the foregoing, Count VI of the plaintiff's complaint will be dismissed with prejudice.

---

that enforcement decisions, unlike the safety rules, are discretionary, *compare* 49 C.F.R. § 107.307(a) *to* § 178.0–2, and the nature of the conduct complained of determines whether § 2680(a) applies. *Varig, supra* 476 U.S. at 813, 104 S.Ct. at 2764. Carib cannot piggyback the mandatory character of the technical rules to recharacterize the limited responsibility retained by the D.O.T.