Mary Elizabeth KNOWLES, Plaintiff,

v.

Stephen M. WORSHAM, Defendant and Third-Party Plaintiff,

v.

The FEDERAL RESERVE BANK OF ATLANTA, Third-Party Defendant.

No. CIV–4–76–41.

United States District Court,
E. D. Tennessee,
Winchester Division.

Memorandum and Order April 29, 1977.

On Objections to Magistrate's Report
Aug. 9, 1977.

On Motion for Summary Judgment
June 1, 1978.

R. E. Bonner, Jr., McMinnville, Tenn., Fred Gilliam, Gilliam & Rollins, Manchester, Tenn., for plaintiff.

Thomas A. Williams, and W. Neil Thomas, III, Chattanooga, Tenn., for defendant and third-party plaintiff, Raymond A. Nowak, Tort Section, Civ. Div., Dept. of Justice, Washington, D. C., for third-party defendant.

## MEMORANDUM OPINION AND ORDER

NEESE, District Judge.

The defendant and third-party plaintiff served and filed timely written objections, 28 U.S.C. § 636(b)(1), to the recommendation of a magistrate of this district for the disposition by the Court of such party's pending motion for a dismissal hereof, Rule 12(b)(7), Federal Rules of Civil Procedure, or, alternatively, for addition of parties hereto. Such magistrate recommended that the motion be denied in its entirety. The Court hereby makes a *de novo* determination of such motion in each such alternative. 28 U.S.C. § 636(b)(1).

 The movant contends essentially that Engineered Homes, Inc. (Engineered) should be a party plaintiff herein, and that the third-party defendant the Federal Reserve Bank of Atlanta (the Bank) should be a party defendant. It is clear that Engineered cannot be joined, since any such joinder would deprive the Court of jurisdiction of the subject matter. Rule 19(a), Federal Rules of Civil Procedure; 28 U.S.C. §§ 1332(a)(1), (c). As to the Bank, "* * * the plaintiff had a right to determine for h[er]self whom [s]he would sue. * * * After [s]he made h[er] choice, neither the court nor the defendant could add another party defendant for h[er]. * * *" *McPherson v. Hoffman,* C.A. 6th (1960), 275 F.2d 466, 470[3]. This Court elects not to exercise its discretion in such manner as to require the plaintiff to litigate a claim which she did not assert in her complaint against a party whom she did not join as a defendant. *Idem.*

The Court hereby FINDS and DETERMINES that neither of the aforementioned nonparty entities is needed herein for a just adjudication hereof; that in equity and good conscience this action should proceed among the parties now before the Court; that complete relief can be accorded the parties already before it in their present posture; that any judgment rendered in their absence will be adequate; and that any final decree herein can be rendered without prejudicially, adversely, or injuriously affecting any such absent party. Rule 19(b), Federal Rules of Civil Procedure; *Green v. Green,* C.A. 7th (1955), 218 F.2d 130, 143[6], certiorari denied (1955), 349 U.S. 917, 75 S.Ct. 606, 99 L.Ed. 1250; *Smith v. Mandel,* D.C.S.C. (1975), 66 F.R.D. 405, 409[7]; *Yonofsky v. Wernick,* D.C.N.Y. (1973), 362 F.Supp. 1005, 1022–1024[27, 28]. Accordingly, the aforementioned objections of the defendant and third-party plaintiff hereby are OVERRULED; the recommendations of the magistrate hereby are ACCEPTED; and the aforementioned motion of the defendant and third-party plaintiff hereby is OVERRULED in its entirety.

## ON OBJECTIONS TO MAGISTRATE'S REPORT

It appearing that the third-party defendant the Federal Reserve Bank of Atlanta (Reserve) served and filed timely[1] objections to the report and recommendation of a United States magistrate of this district herein of July 6, 1977, this Court's order herein of July 20, 1977 hereby is VACATED; and, the Court considers de novo those portions of the magistrate's report to which an objection was served and filed. 28 U.S.C. § 636(b)(1).

 In accordance with the recommendation of the magistrate, the third-party plaintiff moved to amend his third-party complaint herein so as to add as a third-party defendant herein the United States of America. The third-party defendant Reserve objected to the allowance of such an amendment. Such objection hereby is OVERRULED. The recommendation of the magistrate in this regard hereby is AC-

---

1. The report and recommendation of the magistrate were filed herein on July 6, 1977. By statute, all parties were allowed 10 days therefrom within which to file and serve written objections thereto. 28 U.S.C. § 636(b)(1). However, since the parties had the right to do so by mail, 3 days were to be added to the prescribed period. Rule 6(e), Federal Rules of Civil Procedure. The third-party defendant's objections were filed on June 19, 1977; however, since they were filed with the clerk's office in Greeneville, they did not come to the attention of the Court (in Winchester) until after the Court's order herein of July 20, 1977.

CEPTED, and such motion to amend the third-party complaint hereby is GRANTED. Rule 15(a), Federal Rules of Civil Procedure; *Foman v. Davis* (1962), 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222, 226 (headnotes 5, 6, 7); *Hayden v. Ford Motor Company,* C.A. 6th (1974), 497 F.2d 1292, 1293[2].

■ The third-party defendant Reserve next objected to the recommendation of the magistrate to the extent that it does not expressly state that such federal agency is not a proper party defendant hereto under the provisions of the Federal Tort Claims Act, 28 U.S.C. § 1346(b), 2671, et seq. Such act constitutes a broad waiver of sovereign immunity and provides for federal court jurisdiction as to certain "* * * claims against the United States. * * *" 28 U.S.C. § 1346(b). However, "* * * the authority of any federal agency to sue and be sued in its own name shall not be construed to authorize suits against such federal agency on claims which are cognizable under [28 U.S.C.] section 1346(b), * * * and the remedies provided by this title [28 U.S.C.] shall be exclusive. * * *" 28 U.S.C. § 2679(a). This statute "* * * precludes such a suit against a Federal agency, as distinguished from the United States. * * *" *Morano v. U. S. Naval Hospital,* C.A. 3d (1971), 437 F.2d 1009, 1010, n.1; *accord:* 35 Am.Jur.2d 389–390, Federal Tort Claims Act, § 128; *ESP Fidelity Corp. v. Department of Housing & U. Dev.,* C.A. 9th (1975), 512 F.2d 887, 890[4]; *Evans v. United States Veterans Admin. Hospital,* C.A. 2d (1968), 391 F.2d 261, 262[1], certiorari denied (1969), 393 U.S. 1040, 89 S.Ct. 667, 21 L.Ed.2d 589; *Holmes v. Eddy,* C.A. 4th (1965), 341 F.2d 477, 480[4], certiorari denied (1965), 382 U.S. 892, 86 S.Ct. 185, 15 L.Ed.2d 149, rehearing denied (1966), 383 U.S. 922, 86 S.Ct. 881, 15 L.Ed.2d 678.

The Federal Reserve Bank of Atlanta thus being an improper third-party defendant herein, the recommendation of the magistrate hereby is MODIFIED. The motion of such third-party defendant for a dismissal of such third-party claim against it hereby is GRANTED. Such third-party complaint hereby is DISMISSED as to Reserve for lack of the Court's jurisdiction of the subject matter and for the failure of the third-party plaintiff to state a claim against such federal agency upon which relief can be granted. Rules 12(b)(1), (6), (h)(3), Federal Rules of Civil Procedure.[2]

## ON MOTION FOR SUMMARY JUDGMENT

A United States magistrate of this district recommended that the motion of the third-party defendant the United States of America (the government) herein for a summary judgment, Rule 56(b), Federal Rules of Civil Procedure, be granted. 28 U.S.C. § 636(b)(1)(B). The third-party plaintiff Mr. Worsham served and filed a timely written objection thereto. 28 U.S.C. § 636(b)(1).

The undersigned judge has considered *de novo* those portions of the magistrate's recommendation to which objection was made. For the reasons stated by the magistrate in his thorough report and recommendation herein of May 12, 1978, the Court is of the opinion that the magistrate recommended correctly that the aforementioned motion be granted. Accordingly, the recommendation hereby is ACCEPTED. *Idem.*

■ The whole purport of Mr. Worsham's third-party claim herein is that employees of the national sovereign failed to comply with the government's own internal administrative procedures. Such a claim is not cognizable under the Federal Tort Claims Act, 28 U.S.C. §§ 2671 *et seq. Cf. Feres v. United States* (1950), 340 U.S. 135, 71 S.Ct. 153, 95 L.Ed. 152; *Clemente v. United States,* C.A. 1st (1977), 567 F.2d 1140, 1144–1155[4–18], certiorari denied (1978), 435 U.S. 1006, 98 S.Ct. 1876, 56 L.Ed.2d 388; *Devlin Lumber and Supply Corporation v. United States,* C.A. 4th

---

**2.** Such dismissal renders the other grounds and objections of Reserve in support of its motion for a dismissal as to it moot.

The title hereof hereby is AMENDED so as to reflect that the third-party defendant is The United States of America.

**4**

(1973), 488 F.2d 88, 89; *United States v. Smith,* C.A. 5th (1963), 324 F.2d 622, 624–625[1, 2].

■ The United States of America does not serve as an indemnitor to owners of stolen bearer-bonds. 31 C.F.R. § 306.-106(a).* Mr. Worsham has not shown that the government, if a private individual, would be liable under like circumstances to him for indemnification under the law of Alabama. See 28 U.S.C. § 2674. *Jemison v. The Duplex,* D.C.Ala. (1958), 163 F.Supp. 947, relied upon by Mr. Worsham, is inapposite.

There being no genuine issue of material fact extant between the government and Mr. Worsham, and the former being entitled to a judgment as a matter of law, its motion therefor hereby is GRANTED. Rule 56(c), Federal Rules of Civil Procedure. Summary judgment will enter that the third-party plaintiff Mr. Stephen M. Worsham take nothing herein from the third-party defendant the United States of America. Rule 58(1), Federal Rules of Civil Procedure.

---

* The pertinent Treasury regulations were incorporated into the bond contract between Mr. Worsham and the government.