**Angela C. McDERMOTT**

v.

**Genevieve BISCARDI, et al.**

v.

**FEDERAL RESERVE BANK OF BOSTON.**

**Civ. A. No. 82–0066.**

United States District Court,
D. Rhode Island.

Oct. 26, 1982.

John F. McDonough, North Providence, R.I., for plaintiff, Angela C. McDermott.

Frank M. Mattera, Providence, R.I., for defendants and third-party plaintiffs, Genevieve Biscardi and Salvatore Biscardi.

U.S. Atty. Lincoln C. Almond and Asst. U.S. Atty. Everett C. Sammartino, Providence, R.I., for third-party defendant, Federal Reserve Bank of Boston.

## MEMORANDUM DECISION & ORDER

BRUCE M. SELYA, District Judge.

Plaintiff brought suit in Providence County Superior Court against Genevieve Biscardi, alleging in substance, in her complaint, that she was the owner of a certain Treasury Note (the "Note"); that she lost and-or misplaced the Note; that said defendant found the Note; and that said defendant, in lieu of returning it, redeemed the same (and the interest coupons thereon) after maturation, receiving payment therefor from the Federal Reserve Bank of Boston ("FRB"). Plaintiff sought compensatory and punitive damages, counsel fees, and costs.

The defendant answered the complaint, her answer containing a section labelled "Counterclaim for Interpleader", whereby the said defendant apparently sought to, in effect, offer up FRB to the plaintiff as a sacrificial lamb in the nature of a surrogate defendant, reciting (inaccurately, it would appear) that the plaintiff was demanding payment from FRB, and demanding, *inter alia,* interpleader, indemnification, money damages, exoneration, and a melange of other assorted relief. The pleading so filed can only be characterized as demonstrating the utter triumph of imagination over accepted principles of civil procedure.

Bastardized though it may be, the pleading was nevertheless apparently served on FRB. The latter, arguably for want of a more precise way in which to categorize an imprecise pleading, treated the same as a third-party complaint, and petitioned for removal of the action to this Court. Upon such removal, FRB filed two pleadings, viz., "Answer to Third Party Complaint" and "Response to Counterclaim for Interpleader".

After some discovery skirmishing had been undertaken, plaintiff, pursuant to motion filed and granted under Rule 15, F.R.C.P., filed an amended complaint, the purport of which was to add Salvatore Biscardi as a party defendant. The defendant answered the amended complaint, *but did not renew, restate, re-file or otherwise resuscitate Genevieve Biscardi's prior claim against FRB.* Undaunted by this omission, however, and seemingly un-fazed by the fact that the plaintiff had at no time ventured to assert a claim against FRB, the latter then moved to dismiss *both* the so-called third-party complaint *and* the plaintiff's amended complaint.[1] It is this motion which is presently before the Court.

To the extent that this motion presents any justiciable controversy whatsoever, it must be addressed to whatever claim was at one time asserted by the defendants against FRB, as the movant is in no way, shape or form party to the primary action.

So viewed, the motion must be treated as a Rule 56 motion for summary judgment (as it incorporates by reference matters theretofore *dehors* the record). In that posture, the motion must, for a veritable plethora of reasons, be granted. Extensive discussion by the Court would seem superfluous, especially given the deficiencies in the pleadings as noted above. A brief compendium of the Court's reasoning should suffice, as follows:

---

1. It should be noted, parenthetically, that the primary action between McDermott and the Biscardis has lately been disposed of by the entry on September 28, 1982 of a stipulation for judgment.

1. Whatever claim Mrs. Biscardi initially attempted to assert against FRB vanished into thin air when she and Mr. Biscardi answered the amended complaint without continued maintenance of the initiative against FRB. *Cicchetti v. Lucey,* 514 F.2d 362, 365 n. 5 (1st Cir.1975) (amended complaints normally replace the former pleading); 3 J. Moore, *Moore's Federal Practice* ¶ 15.08(7) at 15–127 (2d ed. 1982) (an amended pleading that is complete in itself and makes no reference to the prior pleading supersedes the latter).

2. The defendants have not filed any objection to the instant motion, and the time for filing same has long since elapsed. *See* Local Fed.R.Civ.P. 12(a)(2).

3. The United States, and by extension FRB, in any event owes no duty to indemnify persons suffering loss by theft of Treasury bills (such as the Note). *Knowles v. Worsham,* 81 F.R.D. 1, 4 (E.D.Tenn.1978) (granting summary judgment for the United States in a third-party complaint for indemnification, brought by the lawyer from whose office two Treasury bills were stolen); 31 C.F.R. § 306.106(a) n. 11 (1981).

No claim is stated under the Federal Tort Claims Act, 28 U.S.C. § 2671 *et seq.* as suits are precluded thereunder against federal agencies (such as FRB) as distinguished from the United States itself. *Knowles v. Worsham,* 81 F.R.D. at 3, *supra;* 28 U.S.C. § 2679(a).

It is, therefore,

ORDERED:

A. That the third-party defendant's motion to dismiss the third-party complaint is granted.

B. That judgment shall be entered forthwith for the third-party defendant for costs.