Gary R. HAGEBUSH and Roy E. Schwasinger, Plaintiffs,

v.

UNITED STATES of America, et al., Defendants.

No. CV. 86-0-192.

United States District Court, D. Nebraska.

Sept. 26, 1986.

Gary R. Hagebush, pro se.

Roy E. Schwasinger, pro se.

Ronald Lahners, U.S. Atty., Omaha, Neb., Nikki Calvano, Trial Atty., Civil Div., Dept. of Justice, Washington, D.C., for federal defendants.

Geraldine L. Clanton, Omaha, Neb., for First Nat. Bank.

## MEMORANDUM OPINION

STROM, District Judge.

This matter is before the Court upon the motion to dismiss of the First National Bank of Omaha, a national banking association (Filing No. 3), the motion to dismiss of the defendants United States of America, Comptroller of Currency, United States Department of Justice, the Internal Revenue Service, Federal Bureau of Investigation, and the United States Attorney for the District of Nebraska (Filing No. 8), and the motion for Rule 11 sanctions filed by the federal defendants (Filing No. 9). Both motions are supported by affidavits which, together with the documents attached to said affidavits as exhibits, trace the torturous history of the plaintiffs' alleged claims against the defendants.

Plaintiffs have filed this complaint pro se claiming against the federal defendants under the Federal Tort Claims Act, 28 U.S.C. §§ 2671, et seq. As to the federal defendants, they allege negligence, misrepresentation, malicious prosecution, deceit, interference with contractual rights, failure to investigate complaints and prosecute for banking irregularities, including "violations caused by the fiscal operations of the Treasury or by regulations of the monetary system."

As to the First National Bank of Omaha, the allegations, while intermingled with the complaints against the federal defendants, apparently are premised upon the First National Bank of Omaha bringing suit against the defendants to recover on two promisso-

ry notes. That action was brought in the District Court of Douglas County, Nebraska, and in the caption and body of that petition, the First National Bank of Omaha was referred to as a Nebraska banking corporation. In that action, plaintiffs herein alleged as a defense failure of the bank to properly transmit certain funds from the plaintiffs' account in Omaha to a banking account in Canada. In this action, the plaintiffs claim the First National Bank of Omaha used an improper name, violated the United States Patent and Trademark laws, failed to use due care in legal records, breached fiduciary responsibilities, violated state and federal laws regarding disclosure of confidential information by banking institutions, failed to disclose party receiving funds when asked, failed to disclose identity when requested in a court of law, failed to use due care in transmitting money, allowed false legal records to be admitted into court, failed to produce agreements alleged to have taken place, used the incorrect court to obtain judgment, and obtained judgment "through deceit and design, misrepresentation to the Douglas County Sheriff and plaintiffs."

The motion to dismiss filed on behalf of the federal defendants seeks dismissal of the plaintiffs' complaint on the grounds that this Court lacks subject matter jurisdiction and that the complaint fails to state claim upon which relief can be granted. The First National Bank of Omaha has moved to dismiss the complaint for the reason that there is a lack of diversity, the Court lacks jurisdiction of the complaint, the complaint fails to state a cause of action upon which relief can be granted, and that this action is precluded by the doctrine of res judicata as the same issues alleged as the basis for this complaint were decided by the District Court of Douglas County, Nebraska in *First National Bank of Omaha v. Gary R. Hagebush and Roy E. Schwasinger*, Doc. 831, Page 565, and for the further reason that this Court, speaking through the Honorable Warren K. Urbom, decided the same issues involved herein in an action entitled *Gary R. Hagebush and Roy E. Schwasinger v. First National Bank of Omaha, a banking cor-poration; United States of America; State of Nebraska,* docketed as CV. 85-0-96. The Court notes that action was dismissed by Judge Urbom on the recommendations of the magistrate, finding that plaintiffs had failed to state a claim and for the further reason that the Court lacked subject matter jurisdiction. That judgment was affirmed by the United States Court of Appeals for the Eighth Circuit in an unpublished opinion filed September 19, 1985. The primary basis for that dismissal was the plaintiffs' failure to comply with the provisions of the Federal Tort Claims Act by reason of their failure to file an administrative claim pursuant to 28 U.S.C. § 2675(a).

■ This Court is compelled to construe pro se complaints liberally. *Haines v. Kerner,* 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972); *Scherping v. Commissioner of Internal Revenue,* 747 F.2d 478, 480 (8th Cir.1984). However, pro se pleadings may not be merely conclusory: the complaint must allege facts which, if true, state a claim as a matter of law. *Martin v. Aubuchon,* 623 F.2d 1282, 1286 (8th Cir.1980).

Addressing first the motion to dismiss filed on behalf of the federal defendants, the Court finds said motion should be granted for the reasons hereinafter stated.

■ Title 28, U.S.C. § 1346(b) vests the district courts with exclusive jurisdiction over civil actions for money damages against the United States "for injury ... caused by the negligent or wrongful act or omission of any employee of government...." Title 28, U.S.C. § 2679 states:

(a) The authority of any federal agency to sue and be sued in its own name shall not be construed to authorize suits against such federal agency on claims which are cognizable under Section 1346(b) of this title, and the remedies provided by this title in such cases shall be exclusive.

The Comptroller of the Currency, the Internal Revenue Services, the United States Department of Justice, the Federal Bureau of Investigation and the United States Attorney are entitled to the protection of the

FTCA. *Hughes v. United States,* 701 F.2d 56 (7th Cir.1982). The FTCA is, therefore, the exclusive remedy for tort claims against these agencies. See *Safeway Portland E.F.C.U. v. Federal Deposit Insurance Corporation,* 506 F.2d 1213, 1215 (9th Cir.1974). The claims of the plaintiffs in this action based upon the alleged tort actions of the named agencies may be brought only against the United States and not against the agencies in their name. See *Hughes v. United States,* 701 F.2d 56, 58 (7th Cir.1982). Inasmuch as the FTCA is the exclusive remedy for actions sounding in tort, plaintiffs' complaint as to the agencies named as defendants must be dismissed.

■ Turning to plaintiffs' claims against the United States as a party defendant, the FTCA, 28 U.S.C. § 2680 provides:

> The provisions of this chapter and section 1346(b) of this title shall not apply to—
>
> (a) Any claim ... based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of the federal agency or employee of the government, whether or not the discretion involved be abused.
>
> \* \* \* \* \* \*
>
> (h) Any claim arising out of ... malicious prosecution, abuse of process, ... misrepresentation, deceit, or interference with contract rights; ....
>
> (i) Any claim for damages caused by the fiscal operations of the Treasury or by the regulation of the monetary system.

A reading of the plaintiffs' complaint clearly shows that plaintiffs' claims fall within one or another of the cited exceptions and accordingly do not constitute a proper basis for a claim against the United States under the Federal Tort Claims Act. Any portion of the plaintiff's claims which do not sound in tort must also be dismissed. The plaintiffs' prayer against the United States seeks recovery in excess of one billion dollars. Title 28, U.S.C. § 1346(a)(2) limits this Court's jurisdiction to claims against the United States not sounding in tort to claims not exceeding $10,000 in amount. An order will issue this date dismissing plaintiffs' complaint as to all federal defendants.

■ Addressing then the motion to dismiss of the First National Bank of Omaha, the Court notes the motion has attached to it as exhibits the prior history of this litigation. In view of the following disposition of this defendant's motion to dismiss, the Court need not address the res judicata defense raised, although it appears to the Court that the matters disposed of in the state court action might very well constitute res judicata as to the plaintiffs' claims herein. However, with the dismissal of the federal defendants, the claims of the plaintiffs as against the First National Bank of Omaha must be dismissed as no diversity of citizenship exists as between the plaintiffs and this defendant which is a corporation of the State of Nebraska as this is the state in which it has its principle place of business. See 28 U.S.C. § 1332(c). Additionally, the Court finds that the complaint fails to state a claim against the First National Bank of Omaha.

The motion of the federal defendants for Rule 11 sanctions will be denied. The suit before Judge Urbom was dismissed primarily on a procedural ground; the issues raised here were not specifically addressed in Judge Urbom's opinion.

In accordance with this opinion an order will be entered this date dismissing this action as to the defendant First National Bank of Omaha, a national banking corporation.