**Jim Leslie GORDON, Plaintiff,**

v.

**Doctor HIGGS, Defendant.**

**No. CV-N-88-665-ECR.**

United States District Court,
D. Nevada.

June 16, 1989.

Jim L. Gordon, Carson City, Nev., in pro. per.

Alfred H. Osborne, Reno, Nev., for defendant Higgs.

Brian McKay, Atty. Gen., Carson City, Nev., for Custodian, NNCC.

## MEMORANDUM DECISION AND ORDER

EDWARD C. REED, Jr., Chief Judge.

In this civil rights action brought pursuant to 42 U.S.C. § 1983, the plaintiff alleges that while a prisoner at the Washoe County Jail ("WCJ") the defendant, a medical doctor under contract to WCJ, rendered medical care to the plaintiff which "failed to meet [the] 14th Amendment standard of due process." Presently before the Court are defendant's motion to dismiss without prejudice (document # 5), the plaintiff's opposition to defendant's motion to dismiss (document # 13), and the defendant's reply to the plaintiff's opposition (document # 15).

Additionally, on March 29, 1989, upon the defendant's application, the Court issued a subpoena (document # 11) to the Custodian of Medical Records ("Custodian") at the Northern Nevada Correctional Center. In response, the Custodian submitted a motion to clarify the subpoena (document # 14), which is opposed by both the plaintiff (document # 16), and the defendant (document # 17).

The defendant argues in his motion to dismiss that NRS § 41A.016 requires that plaintiff first submit his claim to a "Medical–Legal Screening Panel." Furthermore, we are told that "the provisions of NRS Chapter 41A clearly apply to federal court proceedings such as in the present case." Defendant's Motion to Dismiss at 2. The defendant relies primarily upon *Erie Railroad Co. v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938), and *Feinstein v. Massachusetts General Hospital*, 643 F.2d 880 (1st Cir.1981), a medical malpractice case brought in federal court under the court's diversity jurisdiction, 28 U.S.C. § 1332. The defendant argues the plain-

tiff's failure to comply with NRS § 41A.016 deprives the Court of jurisdiction. Defendant's Motion to Strike (document # 9) at 2.[1]

The defendant's argument misses its mark by a wide margin because *Erie* does not apply to a cause of action based on federal law. *See Olympic Sports Products, Inc. v. Universal Athletic Sales Co.,* 760 F.2d 910, 913, 914 (9th Cir.), *cert. denied,* 474 U.S. 1060, 106 S.Ct. 804, 88 L.Ed.2d 780 (1985). The plaintiff has invoked the Court's jurisdiction under 28 U.S.C. § 1343(a)(3), which grants federal district courts jurisdiction over, *inter alia,* § 1983 federal civil rights actions. A § 1983 action is brought to redress the violation of federal civil rights. *Felder v. Casey,* 487 U.S. 131, ——, 108 S.Ct. 2302, 2306, 101 L.Ed.2d 123 (1988).

Unlike a diversity case where the court must apply state substantive law, *Erie,* 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938), in a § 1983 action a federal court primarily applies federal law and only borrows state law when "the federal civil rights law fail (sic) to provide certain rules of decision thought essential to the orderly adjudication of rights." *Felder,* 487 U.S. at ——, 108 S.Ct. at 2306 (citing 42 U.S.C. § 1988). For example, in a § 1983 action, federal courts borrow the state personal-injury statute of limitation because the federal civil rights law does not provide a statute of limitation. *See Wilson v. Garcia,* 471 U.S. 261, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985).

Thus, NRS § 41A.016 could only be applicable in this federal civil rights action if the borrowing doctrine mandates its application. When determining whether to borrow a state statute:

> the issue presented by the doctrine is neither how to incorporate into federal law as much state law as a federal action will tolerate, nor how best to further state policies and goals in the litigation

of a federal action. The issue is how to best effectuate the federal policies embodied in a federal action when the action does not itself supply the complete legal framework necessary to the effectuation of those policies.

*Brown v. United States,* 742 F.2d 1498, 1504 (D.C.Cir.1984), *cert. denied,* 471 U.S. 1073, 105 S.Ct. 2153, 85 L.Ed.2d 509 (1985). The *Brown* court held that a District of Columbia notice-of-claim provision could not be applied to defeat a § 1983 action brought in federal court. *Brown,* 742 F.2d at 1509–1510.

In *Felder* 487 U.S. at ——, 108 S.Ct. at 2306, the Court stated: "a state law that immunizes government conduct otherwise subject to suit under § 1983 is preempted [or not adopted] . . . because the application of the state immunity law would thwart the congressional remedy." Thus, the Court held that a state notice-of-claim statute could not be applied to defeat a § 1983 action even when that action is brought in a state court. *Id.*

 Here, the plaintiff's claim is to redress an alleged violation of his Fourteenth Amendment due process rights. We do not perceive any deficiency in the federal civil rights law that necessitates the borrowing of Nevada's malpractice screening law in order to effectuate the remedial purposes underlying § 1983 in the context of an alleged due process deprivation. Accordingly, the Court holds that NRS § 41A.016 is inapplicable in a § 1983 action brought in a federal court to redress a deprivation of due process. Therefore, the defendant's motion to dismiss pursuant to NRS § 41A.016 is denied.

In the defendant's reply to the plaintiff's opposition, the defendant raises a new argument and now attacks the plaintiff's complaint for failure to adequately allege a deprivation of his Fourteenth Amendment due process rights. The defendant asserts

---

**1.** The plaintiff filed a request for entry of default in response to the defendant's motion to dismiss pursuant to NRS § 41A.016. The court treated defendant's motion to dismiss as one made pursuant to Fed.R.Civ.P. 12(b)(6) and consequently denied plaintiff's request for default

on February 17, 1989. The defendant filed a motion to strike plaintiff's request for entry of default, and in view of the Court's February 17, 1989, order the defendant's motion to strike is moot and therefore is denied.

that plaintiff's claim is in substance only a claim for medical malpractice and does not rise to the level of a due process deprivation. Normally, a party should not raise new grounds for his motion in his reply; however, since the deficiencies addressed by the defendant's reply appear plainly on the face of the plaintiff's complaint, the Court will consider them.

■ As the defendant correctly points out, mere negligence in providing medical care to a prisoner is not enough to state a federal civil rights claim.[2] "In order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106, 97 S.Ct. 285, 292, 50 L.Ed.2d 251 (1976). The plaintiff's complaint fails to sufficiently allege such acts or omissions.

The only specific allegation contained in the complaint is that the defendant refused to take X-rays of the plaintiff. Generally, a court should not dismiss a complaint "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hospital Building Co. v. Trustees of Rex Hospital*, 425 U.S. 738, 746, 96 S.Ct. 1848, 1853, 48 L.Ed.2d 338 (1976) (quoting *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957)). Where the plaintiff appears *pro se*, courts must construe his pleadings liberally. *Haines v. Kerner*, 404 U.S. 519, 520, 92 S.Ct. 594, 595, 30 L.Ed.2d 652 (1972).

The plaintiff further alleges the "[t]reatment that was rendered by Defendant failed to meet the 14th Amendment standard of due process." This perhaps implies the defendant accorded "deliberate indifference to [plaintiff's] serious medical needs," however, even *pro se* pleadings may not be wholly conclusory but must allege facts which, if true, entitle the plaintiff to relief. *Hagebush v. United States*, 657 F.Supp. 675, 677 (D.Neb.1986). The plaintiff's complaint must allege facts which, if true, would show that while incarcerated he was accorded "deliberate indifference to serious medical needs" by the defendant. The plaintiff's first amended complaint fails to meet this minimum threshold because it relies primarily on wholly conclusory allegations. Accordingly, the plaintiff will be granted 20 days to file an amended complaint which sets forth the "acts and omissions" of the defendant which constitute "deliberate indifference to serious medical needs." If the plaintiff cannot, or does not so amend his complaint it will be dismissed.

In view of the Court's disposition of this matter, the Custodian's motion to clarify the subpoena will be held in abeyance and the subpoena stayed until such time as the plaintiff files a second amended complaint alleging facts which if proven true would entitle him to relief. If no such complaint is filed, the subpoena will be quashed.

IT IS, THEREFORE, HEREBY ORDERED that defendant's motion to dismiss pursuant to NRS § 41A.016 is *DENIED*.

IT IS FURTHER ORDERED that the plaintiff shall have twenty days to file a second amended complaint, and if such complaint is not filed the complaint will be dismissed without prejudice.

IT IS FURTHER ORDERED that the Custodian's motion to stay the subpoena shall be held in abeyance and that the subpoena is stayed until such time as the Court issues its ruling on the Custodian's motion to clarify.

---

2. A claim against a state defendant or private citizen for medical malpractice, alleging mere negligence is essentially a state tort law claim and as such cannot be redressed by a § 1983 action. *Estelle v. Gamble*, 429 U.S. 97, 106–107, 97 S.Ct. 285, 292, 50 L.Ed.2d 251 (1976); *Hutchinson v. United States*, 838 F.2d 390, 394 (9th Cir.1988). A § 1983 action to redress the medical care afforded to a prisoner is a federal civil rights claim which is judged by different standards than a tort claim for medical malpractice. This Court has jurisdiction over a state medical malpractice tort claim, if at all, only if that claim is pendent to a proper federal claim, or is brought in a diversity case. *See* 13B C. Wright, A. Miller, & E. Cooper, Federal Practice and Procedure §§ 3567 (pendent jurisdiction) and 3601 (diversity jurisdiction) (2d ed. 1984).