Joseph M. SCHEIMER, Plaintiff,

v.

NATIONAL CAPITAL REGION, NATIONAL PARK SERVICE, and Victor G. Stotland, Defendants.

Civ. A. No. 89–971 SSH.

United States District Court, District of Columbia.

May 2, 1990.

**4**

John H. Spaulding, Washington, D.C., for plaintiff.

Paul H. Ethridge, Rockville, Md., and Charles L. Hall (Govt. Def.), Asst. U.S. Atty., Washington, D.C., for defendants.

## MEMORANDUM ORDER

STANLEY S. HARRIS, District Judge.

This matter is before the Court on defendant National Capital Region, National Park Service's (NPS) motion to dismiss and plaintiff's motion to amend the complaint. Plaintiff was riding his bike along a bicycle path within the jurisdiction of the NPS. Defendant Stotland was also riding on that path, going the opposite direction. The bicycles collided and plaintiff was injured. Plaintiff filed a claim with the NPS on June 14, 1988. On October 11, 1988, plaintiff received a final denial of his claim. He also was notified that he had six months in which to file a claim in federal court under the Federal Tort Claims. Act (FTCA). 28 U.S.C. § 2671 *et seq.* On April 10, 1989,

one day shy of the six-month deadline, he filed this action. On July 10, 1989, plaintiff served the Attorney General.[1] Defendant NPS moves to dismiss plaintiff's claim for lack of jurisdiction and for failure to state a claim upon which relief can be granted. NPS claims that since plaintiff never named the United States of America as a defendant in the case, as required by the FTCA, his complaint against it must be dismissed.[2]

Plaintiff, in response, moves to amend the complaint to add the United States as a defendant. NPS claims that even if the Court granted such a motion, this action still must be dismissed. An amended complaint, NPS argues, will not meet the notice requirements set forth in Fed.R.Civ.P. 15(c).

Actions brought under the FTCA must be brought against the United States. A government agency may not be sued in its own name. *Sprecher v. Graber,* 716 F.2d 968 (2d Cir.1983); *Hughes v. United States,* 701 F.2d 56 (7th Cir.1982); *Hagebush v. United States,* 657 F.Supp. 675 (D.Neb.1986); *Childress v. Northrop Corp.,* 618 F.Supp. 44 (D.D.C.1985); *McDermott v. Biscardi,* 550 F.Supp. 106 (D.R.I.1982); *Stewart v. United States,* 503 F.Supp. 59 (N.D.Ill.1980), *aff'd,* 655 F.2d 741, *aff'd,* 659 F.2d 1084 (7th Cir.1981).

Rule 15(c) allows an amendment changing the party against whom a claim is asserted to relate back to the original complaint. However, relation back is dependent upon whether (1) it arises out of the conduct set forth in the original pleading; (2) the new party has received such notice that it will not be prejudiced in maintaining its defense; (3) the new party knew or should have known that, but for a mistake concerning identity, the action would have

1. NPS claims the Attorney General was served on July 14, 1989. Plaintiff, in his opposition to NPS's motion, appendixes a receipt of service by certified mail dated July 10, 1989. The Court's record, however, except for plaintiff's exhibit, shows no record of service upon the Government.

2. The FTCA states that:

(a) The authority of any federal agency to sue and be sued in its own name shall not be construed to authorize suits against such federal agency on claims which are cognizable under section 1346(b) of this title, and the remedies provided by this title in such cases shall be exclusive.
28 U.S.C. § 2679.

 

been brought against that party; and (4) the new party received notice within the prescribed limitations period. *Schiavone v. Fortune*, 477 U.S. 21, 106 S.Ct. 2379, 2384, 91 L.Ed.2d 18 (1986).

The Supreme Court has made it clear that when applying the third prong of the test the choice is not "between a 'liberal' approach toward Rule 15(c), on one hand, and a 'technical' interpretation of the Rule, on the other hand. The choice, instead, is between recognizing or ignoring what the Rule provides in plain language." *Id.* 106 S.Ct. at 2384. Justice Blackmun, writing for the majority, stated that the Court will not extend the applicable limitations period to add a reasonable time for service of a timely filed complaint. *Id.* at 2385. Therefore, the time is measured by whether the new defendant received notice of the complaint before the statute of limitations period had elapsed, not by whether the defendant received notice of the case before the period for service of process expires.

 Plaintiff argues that because the NPS was aware of the prior administrative proceedings, the Government should have had notice of this action. Plaintiff further argues that in light of the information gathered for that proceeding, the Government would not be prejudiced by the amendment.[3]

NPS, on the other hand, argues that the Government was not served with the complaint until 94 days after the six-month statute of limitations had expired. The Court notes that NPS uses July 14, 1989, instead of July 10, 1989; however, this does not affect NPS's legal argument. Clearly, the six-month period expired on April 11, 1989. As pointed out in *Hughes v. United States*, 701 F.2d 56, 58 (7th Cir. 1982), "[g]overnment agencies do not merge into a monolith; the United States is an altogether different party from either the F.B.I. or the Department of Justice." The fact that an earlier administrative proceeding occurred which allowed for final review in this Court is not enough to give

the United States notice of plaintiff's claim in a timely fashion. As pointed out by the Supreme Court, "[t]he linchpin is notice, and notice within the limitations period. Of course, there is an element of arbitrariness here, but that is a characteristic of any limitations period. And it is an arbitrariness imposed by the legislature and not by the judicial process." *Schiavone v. Fortune*, 106 S.Ct. at 2385.

Accordingly, in light of the fact that the Government did not receive notice until after the limitations period, it hereby is

ORDERED, that plaintiff's motion to amend the complaint is denied. It hereby further is

ORDERED, that defendant NPS's motion to dismiss plaintiff's claim against it is granted.

SO ORDERED.

---

**3.** Plaintiff avers that the same Assistant United States Attorney would proceed with the case in the identical fashion regardless of whether it would have been brought against the NPS or against the United States. While this might be true, it is not relevant.