COPLIN AND ASSOCIATES, INC., a Michigan corporation, Plaintiff,

v.

UNITED STATES of America, Defendant.

No. 5:92–CV–53.

United States District Court, W.D. Michigan, S.D.

Nov. 16, 1992.

Carl L. Reagh, Lansing, MI, for plaintiff.

John A. Smietanka, U.S. Atty., Grand Rapids, MI, John A. Lindquist, Trial Atty., U.S. Dept. of Justice, Tax Div., Washington, DC, for defendant.

## OPINION

QUIST, District Judge.

Plaintiff, Coplin and Associates, Inc., is in the business of preparing income tax returns for others. The Internal Revenue Service (IRS) issued a lien on plaintiff's property because of civil penalties against plaintiff for the 1987 and 1988 tax years. The civil penalties against plaintiff are for allegedly violating 26 U.S.C. § 6107(b). This section requires income tax preparers to retain a copy of income tax returns they have prepared or a list of taxpayers for whom returns have been prepared.

Plaintiff claims that the lien is improper because plaintiff has complied with 26 U.S.C. § 6107(b). Plaintiff claims that an IRS representative requested documents from plaintiff, including the list of taxpayers for 1988. Plaintiff claims that it notified the IRS that the documents were available for inspection.

On January 18, 1992, and April 17, 1992, the IRS sent a Notice of Levy to plaintiff's bank, Independent Bank South Michigan, disclosing information about plaintiff's income taxes. The United States claims that these notices were sent to the bank lawfully in order to discover assets of plaintiff which could satisfy the assessed penalties. Plaintiff claims that these notices unlawfully disclosed information about plaintiff's income taxes in violation of 26 U.S.C. § 6103 and that these disclosures were not made in good faith.

On June 1, 1992, plaintiff filed a two count complaint in this Court. In the first count, plaintiff seeks to quiet title to its property through an order declaring the lien invalid, declaring that the plaintiff holds title free and clear from claims by the United States, and preventing the United States from attempting to seize its property. In the second count, plaintiff seeks damages for unlawful disclosure of its tax returns.

On August 18, 1992, the United States moved to dismiss Count One of the complaint for lack of jurisdiction under 28 U.S.C. § 2410. The United States moved to dismiss Count Two of the complaint for failure to state a cause of action for improper disclosure under 26 U.S.C. § 7431.

## DISCUSSION

An action may be dismissed if the complaint fails to state a claim upon which relief can be granted. Fed.R.Civ.P. 12(b)(6). The moving party has the burden of proving that no claim exists. All factual allegations

in the complaint must be presumed to be true and reasonable inferences must be made in favor of the non-moving party. 2A James W. Moore, *Moore's Federal Practice*, ¶ 12.-07[2.5] (2d ed. 1991). Dismissal is proper only if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957). Dismissal is also proper if the complaint fails to allege an element necessary for relief or "if an affirmative defense or other bar to relief is apparent from the face of the complaint, such as the official immunity of the defendant...." 2A James W. Moore, *Moore's Federal Practice*, ¶ 12.07[2.5] (2d ed. 1991).

*Motion To Dismiss Because of Sovereign Immunity*

■ The United States is a sovereign and immune from claims against it unless it consents to be sued. *United States v. Testan*, 424 U.S. 392, 399, 96 S.Ct. 948, 953, 47 L.Ed.2d 114 (1976). Under the tax laws of the United States, any person who is an income tax preparer who fails to retain copies of tax returns which it prepared or a list of taxpayers for whom returns were prepared as mandated by 26 U.S.C. 6107(b) shall be fined $50 for each failure. 26 U.S.C. § 6695(d). Tax preparers assessed a penalty under 26 U.S.C. § 6107(b) are allowed to claim that they are entitled to a credit or refund after they have paid the penalty. 26 U.S.C. § 6696(c). They are not allowed to contest the penalty before it has been paid.

■ The United States may be a party in an action to quiet title to property on which the United States claims a lien. 28 U.S.C. § 2410(a). However, the Sixth Circuit has held that a suit to quiet title under 28 U.S.C. § 2410 is proper only to contest procedural defects in the lien. The action to quiet title "may not be used to challenge the underlying tax liability." *Pollack v. United States*, 819 F.2d 144, 145 (6th Cir.1987).

■ Plaintiff's action to quiet title is clearly an attempt by plaintiff to address the underlying merits of the assessment and not to contest procedural defects in the lien. Plaintiff claims that the government holds an improper lien on its property because plaintiff has complied with 26 U.S.C. § 6107(b). Section 6107(b) is the provision of the tax code which the government claims that plaintiff violated. This section requires a tax preparer to keep copies of tax returns or a copy of taxpayers for whom returns have been prepared. The validity of the IRS's lien on Coplin's property clearly turns on whether plaintiff complied with § 6107(b) of the tax laws. Plaintiff does not claim a procedural defect in the lien.

In order for plaintiff to contest the validity of the penalties assessed by the IRS, plaintiff must first pay the penalties. Plaintiff may seek a refund from the IRS after paying the penalties. Plaintiff may file a civil action against the United States only if the request for a refund is denied. 26 C.F.R. § 1.6696-1(j).

*Motion To Dismiss For Failure To State A Cause Of Action*

Generally, information filed on an income tax return is confidential. Section 6103(k)(6) allows an IRS agent to

> disclose return information to the extent that such disclosure is necessary in obtaining information ... Such disclosures shall be made only in such situations and under such conditions as the Secretary may prescribe by regulation.

26 U.S.C. § 6103(k)(6). The regulations promulgated under § 6103 state that disclosure is authorized

> to locate assets in which the taxpayer has an interest ... or otherwise to apply the provisions of the Code relating to establishment of liens against such assets, or levy on, or seizure, or sale of, the assets to satisfy any such liability.

26 C.F.R. § 301.6103(k)(6)–1(b)(6) (1989). A taxpayer may bring a civil action against the United States if an officer or employee of the United States discloses information contained on the taxpayers return "in violation of any provision of section 6103." 26 U.S.C. 7431. No liability exists if the disclosure results from a "good faith, but erroneous, interpretation of section 6103." 26 U.S.C. 7431(b).

■ A taxpayer may not use § 7431 to challenge the underlying merits of the assessment. *Elias v. United States*, 91–1 U.S.T.C. ¶ 50,040 at 87,170, 1990 WL 264722 (C.D.Cal.1990). *Elias* stated that " '[a]s a threshold matter the validity of the underlying lien and levy is wholly irrelevant to the disclosure issue.' " *Elias*, at 87,173 (quoting *Flippo v. United States*, 670 F.Supp. 638, 643 (W.D.N.C.1987), *aff'd*, 849 F.2d 604 (4th Cir. 1988)). *Elias* stated that allowing tax preparers to file a wrongful disclosure action whenever a defective lien is issued would allow tax preparers to circumvent the procedures for determining whether a valid lien had been issued and require the court to rule on the merits of the underlying assessment. *Id.* at 87,173–174. In *Cuda v. United States*, 91–1 U.S.T.C. ¶ 50,193 at 87,801, 1991 WL 80842 (W.D.Mich.1991), this Court held that disclosure is authorized so long as a lien has been issued, regardless of whether the lien itself was erroneous. *Cuda*, at 87,802–803. Otherwise, a tax preparer could sue the United States for damages every time a lien was determined to be invalid. *Elias*, at 87,174.

■ Plaintiff has failed to state a cause of action under § 7431. Plaintiff admits that a lien was issued by the government. Pursuant to the regulations promulgated by the Secretary, the government may disclose information about the tax preparer in order to locate resources to satisfy the lien. The disclosure is authorized regardless of whether the lien was proper.

## CONCLUSION

For the reasons stated in this opinion, the United States' Motion to Dismiss is GRANTED. Count One is dismissed because the claim is barred by sovereign immunity. Count Two is dismissed because the claim fails to state a ground upon which relief may be granted. An order consistent with this opinion will be issued.