**TAIMANE JOHNSON, Plaintiff,**

**v.**

**AMERICAN SAMOA GOVERNMENT,
AMERICAN SAMOA COMMUNITY COLLEGE,
BOARD OF HIGHER EDUCATION, LAND GRANT PROGRAM,
DEPARTMENT OF PUBLIC SAFETY, TRUDIE IULI,
ROBERT B. COULTER, PAPALII DR. FAILAUTUSI
AVEGALIO, SALA HUNKIN, and DOES 1 through 10,
inclusive, Defendants.**

High Court of American Samoa
Trial Division

CA No. 52-98

September 16, 1998

Before RICHMOND, Associate Justice, and AFUOLA, Associate Judge.

Counsel: For Plaintiff, David P. Vargas
For Defendants American Samoa Government, American
Samoa Community College, Land Grant Program, and
Department of Public Safety, Gwen F. Tauiliili-Langkilde,
Assistant Attorney General
For Defendants Board of Higher Education, Robert B. Coulter,
and Salu Hunkin, Brian N. Thompson
For Defendant Trudie Iuli, Katopau T. Ainuu

ORDER GRANTING IN PART AND DENYING IN PART
DEFENDANTS' MOTION TO DISMISS FOURTH,
FIFTH AND SIXTH CAUSES OF ACTION

### Background

Plaintiff Taimane Johnson ("Johnson") filed a complaint on May 29, 1998 and an amended complaint on June 9, 1998 against defendants American Samoa Government ("ASG"), American Samoa Community College ("ASCC"), Board of Higher Education ("BOHE"),[1] Land Grant Program ("LGP"), Department of Public Safety ("DPS"), Trudie Iuli ("Iuli"), as the acting president of BOHE, Robert B. Coulter ("Coulter"), as the chairman of BOHE, Salu Hunkin ("Hunkin"), as the President of ASCC, Papalii Dr. Failautusi Avegalio ("Avegalio"), as the former President of ASCC, and Does 1 through 10 alleging six causes of action. The first three causes of action in this complaint are breach of contract claims arising from an agreement concerning the use of Johnson's land

---

[1] The caption on the amended complaint identifies BORE as the Department of Higher Education. The court, on its own motion, has amended the caption to reflect that BOHE is the entity identified in the body of the complaint.

under the LGP and from two settlement agreements entered into after conflicts arose under the original contract. The fourth cause of action is a claim of false arrest, and the fifth and sixth causes of action are claims of intentional and negligent infliction of emotional distress.

On June 29, 1998, ASG, ASCC, BOHE, LGP, DPS, and Coulter moved to dismiss the fourth, fifth, and sixth causes of action under T.C.R.C.P. 12(b)(6) for failure to state a claim upon which relief can be granted. On July 21, 1998, Hunkin joined in the motion. The motion came for hearing on July 23, 1998. Johnson, ASG, ASCC, BOHE, LGP, DPS, Coulter, Hunkin, and Iuli were represented by counsel. Iuli also then joined in the motion. Avegalio did not appear.

On July 24, 1998, pursuant to T.C.R.C.P. 41(a)(ii), the parties stipulated to dismiss Coulter from the action. Thus, any references below to defendants exclude Coulter.

### Discussion

#### A. T.C.R.C.P. 12(b)(6)

■ Our review of the motion to dismiss under T.C.R.C.P. 12(b)(6) is limited. "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims. Indeed it may appear on the face of the pleadings that a recovery is unlikely but that is not the test." *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90, 96 (1974). The pleadings should be construed in favor of the claimant, *Beaver v. Cravens*, 17 A.S.R.2d 6, 8 (Trial Div. 1990), and the burden of demonstrating that there is no claim is upon the party moving to dismiss. *Johnsrund v. Carter*, 620 F.2d 29, 33 (3d. Cir 1980).

■ "[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Moeisogi v. Faleafine*, 5 A.S.R.2d 131, 134 (Land and Titles Div. 1987). A defense of immunity is one example of a proper basis for granting a motion to dismiss under T.C.R.C.P. 12(b)(6). *See, e.g.,* 5A C. Wright & A. Miller, FEDERAL PRACTICE AND PROCEDURE § 1357, at 355 (2d ed. 1990); 2A J. Moore, MOORE'S FEDERAL PRACTICE, ¶ 12.07[2.--5] (2d ed. 1991) ("A motion under 12(b)(6) should also be granted if an affirmative defense or other bar to relief is apparent from the face of the complaint, such as the official immunity of a defendant, or the statute of limitations.); *Coplin and Assoc., Inc. v. U.S.,* 814 F. Supp. 643 (W.D. Mich. 1992) (upholding the trial court's grant of a Rule 12(b)(6) motion to dismiss where the United States had sovereign immunity); *Hinnen v. Kelly,* 992 F.2d 140

(7th Cir. 1993) (upholding district court's dismissal of a civil suit against a special agent for the Drug Enforcement Administration who had qualified immunity).

Additionally, it is proper to use a Rule 12(b)(6) motion to challenge the sufficiency of part of a complaint, such as a single cause of action. 5A C. Wright & A. Miller, FEDERAL PRACTICE AND PROCEDURE § 1358, at 422 (2d ed. 1990 & Supp. 1994).

## B. Government Immunity

■ At common law, a sovereign was absolutely immune from suit. This doctrine of absolute immunity, although criticized by some as "feudal and monarchist," *Savage v. Gov't of American Samoa,* 1 A.S.R.2d 102, 106 (Trial Div. 1983), *citing* William L. Prosser, LAW OF TORTS § 131 (4th ed. 1978), was adopted in the United States at both the national and state level. *Id.* Currently, a government entity is immune from suit unless it consents to suit through legislation or by acting in a non-governmental capacity. This concept of sovereign immunity is said to protect the state from "burdensome interference with state funds, property, and instrumentalities." *Ferstle v. American Samoa Gov't,* 4 A.S.R.2d 160, 164, n. 3 (Trial Div. 1987)

■ "[T]he Territory of American Samoa possesses immunity from suit without its consent or waiver." *Ferstle,* 4 A.S.R.2d at 166. Under Chapter 12 of the A.S.C.A., the Legislature has provided a limited waiver of ASG's immunity from suit for actions based in tort. This legislation is known as the Government Tort Liability Act ("GTLA"). A.S.C.A. § 43.1201. Johnson alleges that she filed an administrative claim under A.S.C.A. § 43.1205, satisfying a jurisdictional prerequisite to GTLA judicial proceedings. She thus elected to proceed with her tort claims in the fourth, fifth, and sixth causes of action under the GTLA. The GTLA, then, governs these three causes of action and frames our analysis and ruling on the motion to dismiss.

■ Previous decisions of this court have also established that ASG waives its immunity when it acts in a proprietary fashion, such as when it establishes and operates a bank or acts as a landlord. *See, e.g., Fa`atiliga v. Lutali,* 3 A.S.R.2d 139, 143 (Trial Div. 1986) (holding that a motion to dismiss claims against ASG on the theory that the suit was not based in tort should not be granted where AEG had created a bank, made loans, took mortgages, and engaged in related business activities); *Savage,* 1 A.S.R.2d at 106 (holding that a landlord-tenant relationship exists between ASG and the occupants of the Tafuna governmental housing tract, and finding ASG responsible for the stray dog problem in the housing area and liable for a dog bite to the child of a tenant).

177

## C. The Fourth Cause of Action—False Arrest

In her fourth cause of action, Johnson claims that she was falsely, maliciously, and with no probable cause, accused of committing the crime of felony theft, and thus charges all defendants with false arrest.

### 1. Agency and Program Defendants

Although ASG's immunity from suit is waived for some torts under the GTLA, it is specifically preserved for others. The GTLA states that:

> (b) The provisions of this chapter do not apply to: . . . (5) any claim arising out of assault, battery, false imprisonment, false arrest, malicious prosecution, abuse of process, libel, slander, misrepresentation, deceit or interference with contract rights.

A.S.C.A. § 43.1203. A claim of false arrest is therefore not a viable claim under the GTLA. *See also, Rakhshan v. American Samoa Gov't,* 20 A.S.R.2d 1, 10 (Trial Div. 1991) ("In terms of an action based on the notion of false arrest or false imprisonment, the government remains immune from suit.")

Because ASG's immunity remains intact for claims of false imprisonment, Johnson's fourth cause of action fails to state a claim upon which relief can be granted. The motion to dismiss the fourth cause of action under T.C.R.C.P. 12(b)(6) will therefore be granted as to all agency and program defendants.

### 2. Individual Defendants

Although Johnson may not proceed against the agency and program defendants, Johnson may still seek recourse against ASG's employees individually for false arrest. A.S.C.A. § 43.1211 does not bar suits against individual ASG employees. Rather, dismissal of the fourth cause of action as to the agency and program defendants enables the suit to be maintained against the individual defendants. A.S.C.A. § 43.1211 states that a suit against ASG under the GTLA "shall hereafter be exclusive of any other civil action or proceeding by reason of the same subject matter against the employee whose act or omission gave rise to the claim, or his estate."

Because the fourth cause of action will be dismissed as to the agency and program defendants, a claim for tortious conduct may now be pursued against the individual defendants who are ASG employees. *See Moana v. American Samoa Gov't,* CA No. 133-85, Decision and Order at 5 (Trial Div. Nov. 12, 1986) (plaintiff may sue employee for negligence if

plaintiff elects or fails to pursue a claim under the GTLA); *Henderson v. Bluemark,* 511 F.2d 399, 404 (D.C. Ct. App. 1974) (Although a few exceptions exist, "there is no statutory protection for federal employees from personal liability arising out of their own negligent conduct while acting within the scope of their employment."). Furthermore, even if an employee acts tortiously outside the scope of employment, the employee may still be sued individually. *Tevaseu v. American Samoa Gov't,* 5 A.S.R.2d 10, 12 (Trial Div. 1987) ("[S]uit against the individual government employees before the Court is available if it is the case that the said employees' acts or omissions complained of were made outside of the scope of the employment."). Because the agency and program defendants will be dismissed from this fourth cause of action, the action may still be maintained against the individual defendants who are ASG employees. *See Aga v. U.S. Secretary of Interior,* 3 A.S.R.2d 130, 132 (Trial Div. 1986).

## D. The Fifth Cause of Action--Intentional Infliction of Emotional Distress

In her fifth cause of action, Johnson claims that the defendants, except DPS and Does 5 through 9, intentionally and maliciously harassed her, publicly ridiculed her, and defamed her without legal excuse or reason.

### 1. The Claim of Intentional Infliction of Emotional Distress

■ A.S.C.A. § 43.1203(b), quoted above, lists a number of torts for which ASG remains immune. Although often referred to as the intentional torts exception to the GTLA, this section of the act does not exclude all intentional torts from the GTLA's waiver of immunity. Exclusion from the GTLA's waiver of immunity, or more simply, preservation of immunity, is instead limited to the torts specifically enumerated in A.S.C.A. § 43.1203(b).

In *Gross v. United States,* 676 F.2d 295 (8th Cir. 1982),[2] the plaintiff was a farmer whose intentional infliction of emotional distress was based on the conduct of a county agricultural stabilization and conservation service committee in denying the plaintiff participation in a feed grain program. The court held that "courts should not read exceptions into the Federal Tort Claims Act beyond those provided by Congress" and that a claim of intentional infliction of emotional distress is a viable action under the Federal Tort Claims Act. *Id.* at 303-04 (citations omitted). The plaintiff's claim for damages was therefore not barred by the

---

[2] Federal cases interpreting the Federal Tort Claims Act can aid in the interpretation of a state or territorial tort claims act with similar provisions. *Hoctel v. State,* 343 N.W.2d 832, 833 (Iowa 1984).

intentional torts exception to the Federal Tort Claims Act. *Id.*

We find this reasoning persuasive. We decline to read into the GTLA exceptions beyond those specifically listed by the Legislature. Johnson's claim for intentional infliction of emotional distress, then, is a proper claim against ASG under the GTLA. Intentional infliction of emotional distress is a claim upon which relief can be granted and thus the intentional nature of the claim does not provide a basis for granting the motion to dismiss.

We next examine whether a claim of intentional infliction of emotional distress may be maintained against the defendants Johnson has named.

## 2. The Individual Defendants

Iuli, Hunkin, and Avegalio, the named individual defendants, are or were ASG's employees. The GTLA addresses the propriety of suits against individual ASG employees.

A.S.C.A. § 43.1211, quoted above, states an ASG employee may not be sued when a plaintiff elects to pursue a claim under the GTLA. *Aga v. U.S. Secretary of Interior,* 3 A.S.R.2d at 131-32 ("... so long as Plaintiff is proceeding under the [Government Tort Liability] Act, she can only sue A.S.G."); *Moana v. American Samoa Gov't,* CA No. 133-85, Decision and Order at 5 (holding that a suit can only be maintained against ASG and not the individual defendants when a plaintiff proceeds under the GTLA).

However, a plaintiff is not entirely without recourse against an individual ASG employee. A plaintiff can, for example, choose to not proceed under the GTLA. "It would seem that when a tort victim either by election or ignorance fails to pursue a claim under the Government Tort Liability Act, there is no prospect for a judgment against the government as contemplated by 43.1207[,] He is not therefore precluded from suing the employee for negligence." *Moana,* CA No. 133-85, Decision and Order at 6.

Because Johnson has chosen to proceed under the GTLA, she has no valid claim against the individual employees. They are immune from suit while the claim against ASG proceeds. The fifth cause of action against Iuli, Hunkin, and Avegalio, therefore, fails to state a claim upon which relief can be granted and will be dismissed as to these defendants.

### 3. The Agency and Program Defendants

In addition to the individual defendants, Johnson has also named ASG, ASCC, BORE, and LGP as defendants for the fifth cause of action.

It is proper for Johnson to maintain a claim against ASG because, as explained above, ASG has waived its sovereign immunity for certain claims by enacting the GTLA.

 The Legislature may also establish governmental entities, within ASG's organizational structure, and give those entities the power to sue and be sued. ASCC is one such entity. A.S.C.A. § 16.2002 establishes ASCC's powers and duties and clearly states that ASCC "may sue and be sued." *See also, Deleeuw v. Internal Revenue Service,* 681 F. Supp. 402, 403 (E.D. Mich. 1987) ("An executive department of the United States or one of its agencies may only be sued in its own name if the authority to be sued has been expressly been [sic] conferred by Congress."); *Koziokowski v. Delaware River Port Authority,* 397 F. Supp. 1115, 1120 (D.N.J. 1975) (holding that the "sue and be sued" clause in a congressionally approved bistate compact operated as a waiver of any claim of immunity from suit in a negligence action against the agency for design, construction, maintenance and control of a bridge). Johnson, then, may maintain a claim against ASCC under the GLTA.

BOHE and LGP, on the other hand, are not parties against whom a claim can be maintained. Although established under the same chapter of the A.S.C.A. as ASCC, BORE is an agency of ASG that has not been given the power to sue and be sued. A.S.C.A. § 16.2003-.2004. The LGP is also recognized in statute, primarily for the purpose of complying with federal laws. A.S.C.A. § 16.2011. It also has not been given the capacity to sue and be sued. The LGP is not even an agency; it is a program. BOHE and LGP, therefore, are not proper named parties for claims brought under the GTLA. *See, e.g., Scheimer v. National Capital Region, National Park Service,* 737 F. Supp. 3, 4 (D.D.C. 1990) (for actions under the Federal Tort Claims Act, "[a] government agency may not be sued in its own name."); *Calderon v. United States Dept. of Agriculture,* 756 F. Supp. 181, 183-84 (D.N.J. 1990) (holding that the United States itself is the only party which may be sued under the Federal Tort Claims Act); *Carib Gas Corp. of St. Thomas v. Delaware Valley Industrial Gases, Inc.,* 660 F. Supp. 419, 420-21 (D.V.I. 1987) (dismissing a cause of action against the Department of Transportation and holding that only the United States could be a named defendant under the Federal Tort Claims Act); *Hagebush v. United States,* 657 F. Supp. 675, 678 (D. Neb. 1986) ("The claims of the plaintiffs in this action based upon the alleged tort actions of the named agencies may be brought only against the United States and not against the agencies in

their name.").

Of the governmental defendants, then, only ASG and ASCC are proper named parties for claims under the GTLA. The fifth cause of action therefore fails to state a claim upon which relief can be granted as to BORE and LGP, and the motion to dismiss as to these defendants will be granted. The fifth cause of action remains as a claim only against ASG and ASCC, and Does 1 through 4, provided that they are not ASG employees.

E. The Sixth Cause of Action—Negligent Infliction of Emotional Distress

In her sixth cause of action, Johnson charges DPS and Does 5 through 9, designated as police officers, with negligent infliction of emotional distress by failing to perform their duties in a prudent and professional manner.

1. The Claim of Negligent Infliction of Emotional Distress

On its face, negligent infliction of emotional distress is a viable claim under the GTLA. Therefore, we again turn to whether such a claim is viable against the named defendants.

2. The Individual Defendants

Johnson indicates that Does 5 through 9 are police officers whose names are yet to be ascertained. According to our previous analysis, individual employees of ASG are not proper defendants while a party is pursuing a claim against ASG under the GTLA. A.S.C.A. § 43.1211. The sixth cause of action as to Does 5 through 9 will therefore be dismissed.

3. The Agency Defendant

DPS is an agency of ASG established under A.S.C.A. § 4.0301(a)(9). It has not been given the power to sue and be sued. As analyzed above, ASG's agencies of this nature are not proper named parties under the GTLA. The sixth cause of action as to DPS will therefore be dismissed. It remains only against ASG.

**Order**

1. The motion to dismiss the fourth cause of action, the claim of false imprisonment, is granted in part and denied in part. The fourth cause of action is dismissed as to ASG, ASCC, BOHE, LGP, and DPS. The fourth cause of action remains as to Iuli, Hunkin, and Avegalio.

182

2. The motion to dismiss the fifth cause of action, the claim of intentional infliction of emotional distress, is granted in part and denied in part. The fifth cause of action is dismissed as to Iuli, Hunkin, and Avegalio and as to BOHE and LGP. The fifth cause of action remains as to ASG and ASCC, and Does 1 through 4, provided that they are not ASG employees.

3. The motion to dismiss the sixth cause of action, the claim of negligent infliction of emotional distress, is granted in part and denied in part. The sixth cause of action is dismissed as to DPS and Does 5 through 9. The sixth cause of action remains as to ASG.

It is so ordered.

